685 So.2d 74 (1996)
Judith S. MASTROMONICO, Appellant,
v.
Joseph J. MASTROMONICO, Appellee.
No. 96-1252.
District Court of Appeal of Florida, First District.
December 20, 1996.
Rehearing Denied January 14, 1997.
*75 Michael T. Webster, Shalimar, for Appellant.
Joseph D. Lorenz, Fort Walton Beach, for Appellee.
PER CURIAM.
Judith S. Mastromonico, the wife, appeals a final order modifying the alimony provisions of the judgment dissolving her marriage to Joseph J. Mastromonico, the husband. She contends that the trial court abused its discretion by reducing the amount of her permanent periodic alimony and by denying her claim for attorney's fees. We agree that the extent of the reduction of alimony was an abuse of discretion and reverse that part of the order. The claim for attorney's fees, however, can be presented again on remand and reconsidered in light of the trial court's recalculation of alimony.
When the marriage was dissolved on October 15, 1987, the wife was working as a preschool director earning a gross monthly income of $775.08, and the husband was self-employed as a marketing consultant earning a gross monthly income of $1,166.50. The parties signed a stipulation in which the husband agreed to pay permanent periodic alimony to the wife in the amount of $500 per month and to assist in the payment of the wife's medical insurance policy. The parties also agreed that the wife would be the primary residential parent for two children who were still minors, that she would have the right to the exclusive use and occupancy of the former marital home, and that she would receive $700 per month as her share of the husband's $1,466.50 gross monthly military retirement pay.
By April 1991, the parties were in disagreement as to the extent of the husband's obligation to assist the wife with the payment of her medical insurance premiums. The wife filed a motion for modification to clarify the insurance obligation which she later amended to include a request for an increase in alimony. At the time of the hearing on this motion, the wife's earned income had increased to $917 per month and the husband's income had increased to $5,267 per month. The husband had remarried and his new spouse was employed, earning in excess of $22,000 per year. Based on these changes in the circumstances of the parties, the trial court entered an order increasing the husband's alimony obligation from $500 per month to $750 per month. The court also modified the insurance provision of the original judgment by specifying that the husband was responsible for the payment of one half of the wife's medical insurance premiums.
The husband's income continued to rise in the years following the 1991 modification. In 1994, the husband's total household income exceeded $100,000. On March 22, 1995, however, the husband filed a motion to terminate or reduce his alimony on the ground that his salary recently had been reduced by nearly one half. At the time of the hearing on this motion, the wife was earning $1,333 per month and the husband was earning $2,979.17 per month. The trial court granted the husband's motion and on December 28, 1995, entered the order that is the subject of *76 this appeal. The court reduced the husband's alimony from the $750 per month figure set on October 2, 1991, to $200 per month and denied the wife's motion for attorney's fees and costs.
A party seeking to modify the amount of alimony set by an order of the court must show: (1) there has been a substantial change in circumstances since the date of the order, (2) the change was not contemplated at the time the amount of alimony was set, and (3) the change is sufficient, material, involuntary, and permanent. Pimm v. Pimm, 601 So.2d 534 (Fla.1992). The reduction of the husband's earnings by nearly one half since the time of the most recent modification order no doubt qualifies as a substantial change in circumstances under the rule in Pimm. The more difficult question presented here is whether the change justifies such a disproportionate decrease in alimony. Applying the abuse of discretion standard set forth in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), we conclude that the reduction was excessive.
The excessiveness of the reduction is plainly revealed when the most recent order is considered in the context of the entire history of the alimony obligation and not merely in the context of an adjustment of the previous modification order. At the time of the dissolution in 1987, the husband was earning $1,166.50 per month and the wife was earning $775.08 per month. Based on these figures, the parties agreed that the husband would pay the wife $500 in permanent periodic alimony. The husband now earns $2,979.17 per month, more than double what he earned at the time of the dissolution. Yet the effect of the most recent order is to reduce his alimony obligation to two fifths of its original amount. It is true that the wife also earns about twice as much as she did at the time of the dissolution, but the increase in her income does not justify a decrease of alimony below the original amount. The relationship between the respective incomes of the parties is nearly the same as it was in 1987 at the time of the dissolution. If anything, the original figure of $500 per month now represents a smaller share of the husband's income and a smaller percentage of total support available to the wife.
We have considered the possibility that the order could be affirmed for reasons unrelated to the parties' employment income, but a review of the record fails to reveal any such reason. Although the wife is earning interest on her recently acquired inheritance, the amount of interest that could be imputed to her is not significant enough to change our analysis of the issue. It is also true that the husband's present spouse no longer earns $22,000 per year, but there is nothing in the record to suggest that her economic circumstances are permanent or that her earning capacity has diminished. While the income of the husband's present spouse is much less than it was in 1991 at the time of the most recent modification, it was not available to the husband at all in 1987 when he agreed to pay $500 per month in permanent periodic alimony.
We recognize that the trial court has discretion to determine the proper amount of alimony. Under these facts, however, we cannot condone a reduction of alimony to an amount so drastically below that originally stipulated by the parties. We conclude that the reduction of the wife's permanent periodic alimony to $200 was an abuse of discretion and we reverse that part of the order. The case is remanded to the court for recalculation of the alimony and redetermination of the wife's claim for attorney's fees.
Reversed and Remanded.
BOOTH, VAN NORTWICK and PADOVANO, JJ., concur.