ORFINGER, M., Senior Judge.
Appellant, the former husband, appeals from an order reducing the amount of permanent alimony to be paid to the former wife contending that the reduction should have been greater and that because of the drastic reduction in his income, he is left with insufficient funds to meet his monthly living expenses. We agree, and reverse. The trial court found that there had been a substantial change of circumstances which reduced appellant’s income, through no fault of his own, from $20,000 per month to $8,750 monthly. The court also found that although the parties had contemplated a fairly equal division of their assets, because of unforseen market conditions the former wife had received the lion’s share of those assets, and now had cash assets of approximately $500,000 “... which can earn a minimum of $25,000 annually by being invested at a most conservative rate.” In addition, the wife was earning $500 per month with an insurance agency so that she had an excess of income over that which she asserted were her monthly living expenses.
There was substantial competent evidence to support the finding of a substantial change of circumstances. See, Pimm v. Pimm, 601 So.2d 534 (Fla.1992). Most significant, however, is the reduction of the former husband’s income to less than half of his pre-dissolution income. Cook v. Cook, 574 So.2d 281 (Fla. 2d DCA 1991). Under these circumstances a reduction of 20% in alimony payments in light of a 56% reduction in the former husband’s earnings was an abuse of discretion, so we reverse the modification order and remand the cause to the trial court with directions to consider a greater alimony reduction. See Guzman v. Guzman, 653 So.2d 1118 (Fla. 5th DCA 1995).
REVERSED and REMANDED.
COBB and W. SHARP, JJ., concur.