On Dismissal of Appeal

COPE, J.
In this post-dissolution-of-marriage proceeding, the question is whether the former wife can appeal after the former husband was found not guilty of indirect criminal contempt. The answer is no.
On remand from Lascaibar v. Lascaibar, 715 So.2d 1042 (Fla. 3d DCA 1998), the trial court directed the former husband, Albert A. Lascaibar, to show cause why he should not be held in indirect criminal contempt. The former wife, Nivia Lascaibar, contended that the former husband was intentionally underemployed, thereby not earning enough to pay his child support arrearages.* The court conducted a bench trial and found the former husband not guilty. The former wife has appealed, arguing that on the evidence presented, the former husband should have been convicted.
We dismiss the appeal. “It is well established that criminal contempt, at least the sort enforced through nonsummary proceedings, is ‘a crime in the ordinary sense.’ ” United States v. Dixon, 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) (citations omitted). A defendant in such a proceeding is entitled to the protection of the Double Jeopardy Clause of the United States Constitution. See id.
“A judgment of acquittal, whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, may not be appealed and terminates the prosecution when a second trial would be necessitated by a reversal.” United States v. Scott, 437 U.S. 82, 91, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978) (footnote omitted). “It is acquittal that prevents retrial even if legal error was committed at the trial.” United States v. DiFrancesco, 449 U.S. 117, 132, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980) (citation omitted); see also 15 Fla. Jur.2d Criminal Law § 2893 (1993).
Appeal dismissed.

 Counsel for the former wife acted as the prosecutor of the indirect criminal contempt. See generally Fla. R.Crim. P. 3.840(d); 4 Brenda M. Abrams, Florida Family Law § 70.24A (2000).