890 So.2d 1135 (2004)
Raymond M. CARLS, Appellant,
v.
Frances Anne CARLS, Appellee.
No. 2D03-4349.
District Court of Appeal of Florida, Second District.
December 3, 2004.
Rehearing Denied January 25, 2005.
*1136 Frederick T. Lowe and James F. Lowy of Florida Law Group, L.L.C., Tampa, for Appellant.
Bill Wiggins, Tampa, for Appellee.
SALCINES, Judge.
Raymond M. Carls, the Former Husband, appeals the trial court order which reversed its prior order approving and ratifying the general master's findings and recommendations relating to his petition for a downward modification of alimony. We reverse the order which is the subject of this appeal and remand for the trial court to reinstate the order which adopted the recommendation of the general master to reduce the alimony to be remitted to Frances Anne Carls, the Former Wife.

I. The Final Judgment of Dissolution
The parties were divorced in 1992 from a marriage of fourteen years' duration. At the time of the divorce, the Former Husband's gross yearly income was $55,000. The Former Wife's gross yearly earned income was approximately $6000, plus she received an additional $9300 in rental income. In the final judgment of dissolution, the trial court made a finding that the Former Wife was in need of permanent alimony and the Former Husband had the ability to pay. The Former Husband was required to pay $1000 per month in permanent periodic alimony to the Former Wife.

II. The Amended Petition for Downward Modification of Alimony
In July 2002, the Former Husband filed an amended petition for downward modification of alimony in which he alleged that there had been substantial, material, and permanent changes in the circumstances which supported modification of the alimony award. Specifically, he alleged that the Former Wife had not been working at the time of the divorce, but she now had full-time, professional employment and was expected to maintain that employment in the future.
A hearing was conducted before Hillsborough County General Master Martin Proctor on April 16, 2003. The Former Wife testified that she now works as "a receptionist and accounts receivable" for a corporation and makes $12 per hour. She stated that she earns approximately $2500 per month with overtime and receives $800 per month in rental income. The general master concluded that the Former Wife's gross yearly earned income was approximately $28,000, plus she received an additional $9600 annually in rental income. The general master concluded that she currently had a net monthly income of $2932. (This sum included the alimony award.)
The Former Husband's financial affidavit was admitted into evidence and testimony was received to demonstrate that the Former Husband's gross yearly income was approximately $65,000. The general master concluded that the Former Husband currently had a net monthly income *1137 of $4756. (This sum did not subtract the alimony award.)
In the report and recommendation issued by the general master, he noted that the Former Wife's salary had increased by more than 360 percent and the Former Husband's salary had increased by 18 percent. He concluded:
Based on a review of the transcript from final hearing on the petition for dissolution of marriage, it is clear that the Court's award of alimony was based on the former wife's diminutive income. It is also evident from the transcript that the Court anticipated that the former wife would be able to earn more income.... The fact is, however, that the former wife is now only slightly less solvent than is the former husband. While her expenses have increased, such expenses are the result of a much greater income and real property acquisition/financing. In short, the former wife's needs as contemplated by the Court's original alimony award have decreased.
The general master recommended that the petition for a downward modification of alimony be granted and the alimony award be reduced to $250 per month. He explained that this reduction would leave the parties with approximately the same monthly deficit after expenses had been paid "and would also preserve the approximate difference in the spouses' monthly incomes (including the alimony award) at the time of Final Judgment."

III. The Trial Court's Review
The Former Wife timely filed exceptions to the general master's report and recommendation. Shortly thereafter, an order was entered which stated that no exceptions had been made, the report and recommendation of the general master was ratified, and it was adopted as the order of the court. After several pleadings had been filed by the parties, the trial court stayed the order adopting the report and recommendation of the general master. A hearing was conducted to consider the Former Wife's exceptions and the other pleadings.
Subsequently, the trial court entered an order amending the general master's findings of fact to clarify that the Former Husband's net yearly income should have been found to have been $3756 after deducting the $1000 alimony award, and the Former Wife's net monthly income was $2932 after adding the $1000 alimony award. The trial court noted that the general master found that both the Former Husband and the Former Wife each received an additional $800 per month in rental income which was not to be considered in examining the alimony issue. The trial court agreed that it would not disturb this finding.
The trial court calculated that, if the alimony award was reduced to $250 per month, the Former Husband's net monthly income would be $4506 (the trial court mistakenly stated that this sum included "his additional 800.00 in rental income"). It calculated that, if the Former Wife's alimony was reduced to $250 per month, she would be left with a net monthly income of $2182 which would result in "the husband having over two times the net income of the former wife." The trial court reversed the general master's finding that the alimony award should be reduced to $250 per month and reinstated the award of $1000 per month.

IV. Analysis
Florida caselaw is clear that the party seeking to modify the amount of alimony awarded by a final judgment first must show that there has been a substantial, material, permanent change in circumstances which was not contemplated at the *1138 time the amount of alimony originally was set. See Pimm v. Pimm, 601 So.2d 534, 536 (Fla.1992). In determining whether to reduce an alimony award, the trier of fact should consider the relative financial circumstances of both parties at the time of the final judgment compared with the parties' relative financial circumstances when the petition for modification was filed. See Dykes v. Dykes, 712 So.2d 1189, 1193 (Fla. 1st DCA 1998); Mastromonico v. Mastromonico, 685 So.2d 74, 75-76 (Fla. 1st DCA 1996).
When a matter has been heard by a general master, the trial judge should carefully determine whether the general master's findings and determinations were supported by competent, substantial evidence or whether there was any other departure from the essential requirements of applicable law. Matos v. Matos, 421 So.2d 180, 183-84 (Fla. 2d DCA 1982). The trial court is bound by the general master's factual findings unless they are not supported by competent, substantial evidence or are clearly erroneous. Garcia v. Garcia, 743 So.2d 1225, 1226 (Fla. 4th DCA 1999). On appeal, this court's role is to determine if the trial court abused its discretion when it rejected a general master's report and recommendation. In re Guardianship of Ruppert, 787 So.2d 925, 926 (Fla. 2d DCA 2001).
In the present case, the general master compared the relative financial positions of the parties at the time of the final judgment of dissolution and at the time the petition was filed. He found that the Former Wife's income had increased more than 360 percent. We conclude that the general master properly determined that the Former Husband demonstrated that there had been a substantial change in circumstances which warranted a downward modification of alimony. The trial court abused its discretion when it rejected this conclusion.
Once a substantial change in circumstances had been demonstrated, the general master was required to determine the amount by which to reduce the alimony award. The general master noted that at the time of the final judgment of dissolution the Former Wife's gross monthly income was $500 and the Former Husband's gross monthly income was approximately $4583. The judge at the time of dissolution determined that $1000 per month in alimony was appropriate. This decree resulted in the Former Wife's gross monthly income increasing to $1500 and the Former Husband's gross monthly income decreasing to $3583. When he considered the petition for modification, the general master sought to "preserve the approximate difference in the spouses' monthly incomes (including the alimony award) at the time of Final Judgment" with his modified alimony award. The general master did not err when he used this calculation to determine the appropriate sum to be awarded for alimony. See, e.g., Dippold v. Dippold, 712 So.2d 1205, 1205 (Fla. 5th DCA 1998); Mastromonico, 685 So.2d at 76.
At the time of the final judgment, the ratio of incomes was that the Former Wife's gross monthly income was 41.9 percent of the Former Husband's gross monthly income. There was no indication in the final judgment of dissolution that the purpose of the alimony award was to make the parties' incomes relatively equal.
When the current net monthly incomes are considered and the alimony award is reduced to $250, the Former Husband's net monthly income is $4506 and the Former Wife's net monthly income is $2182. The resulting ratio is that the Former Wife's net monthly income is 48.4 percent of the Former Husband's net monthly income *1139 which is in alignment with the 41.9 percent ratio found in the final judgment of dissolution.
If the alimony award remains at $1000 as ordered by the trial court, the relative financial positions of the parties is changed dramatically. The Former Husband's net monthly income is $3756 when the $1000 award is subtracted, and the Former Wife's net monthly income is increased to $2932. The resulting ratio is that the Former Wife's net monthly income is 78 percent of the Former Husband's net monthly income.[1] As stated above, there is nothing in the final judgment of dissolution which would indicate that the trial court intended the parties' incomes to be equalized by the alimony award.

V. Conclusion
We hold that the trial court abused its discretion when it rejected the recommendation of the general master that the alimony award be reduced to $250 per month. Accordingly, we reverse the trial court's order and remand with directions to reinstate the order which ratified and approved the report and recommendation of the general master and adopted it as the order of the trial court.
Reversed and remanded with directions.
STRINGER and CANADY, JJ., Concur.
NOTES
[1] When the current gross monthly income figures are used rather than net monthly income there is a similar result. The Former Wife's gross monthly income is $2333.33. The Former Husband's gross monthly income is $6082. When the alimony award is decreased to $250 the resulting ratio is that the Former Wife's gross monthly income is 44.3 percent of the Former Husband's gross monthly income. When the $1000 per month alimony award is continued the resulting ratio is that the Former Wife's monthly income is 65.6 percent of the Former Husband's monthly income.