LAGOA, J.
Nivia Lascaibar (the “Mother”) appeals from an order of the trial court denying her Exceptions to the General Magistrate’s Report and Recommendations, which determined that she was not entitled to the accrual of interest on child support payments in arrears owed by Albert Lascaibar (the “Father”). Because the Mother was entitled to prejudgment interest in accordance with the trial court’s prior April 2010 order, we find that the trial court abused its discretion in denying the Mother’s exceptions and we reverse.
I. FACTUAL AND PROCEDURAL HISTORY
The parties in this case have a long history before this Court. In 1995, this Court reversed the trial court’s order which improperly attributed incorrect annual incomes to both parties and remanded for a proper calculation of support payments. See Lascaibar v. Lascaibar, 658 So.2d 170 (Fla. 3d DCA 1995). After remand, the trial court entered a commitment and final judgment against the Father for the balance of unpaid child support plus interest, and adjudicated the Father in contempt. In 1998, this Court held that the trial court’s order of contempt, commitment, and final judgment failed to take sufficient action to support payment of the arrearages and remanded with instructions to issue a rule to show cause pursuant to Florida Rule of Criminal Procedure 3.840. See Lascaibar v. Lascaibar, 715 So.2d 1042 (Fla. 3d DCA 1998). The Father was subsequently acquitted of criminal contempt, and the Mother appealed the acquittal. This Court dismissed the appeal as “[a] judgment of acquittal, whether based on' a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, may not be appealed....” Lascaibar v. Lascaibar, 773 So.2d 1236, 1236 (Fla. 3d DCA 2000).
In March 2010, the Mother filed a petition for modification of child support and custody. The general magistrate recommended that the Father owed the Mother child support arrears totaling $82,845.98 as of March 8, 2010, and that “[p]re-judgment interest has and shall continue to accrue on any outstanding arrearage at the statutory rate.” The trial court subsequently ratified the general magistrate’s recommended order. No appeal was taken from the trial court’s order ratifying the general magistrate’s report and recommendations.
In November 2012, the Father filed a motion to terminate child support, arrear-age payments, and income deduction, to close the central depository account, and for an accounting of arrears. The Mother contended that the central depository failed to calculate, collect, and disburse the interest that was supposed to accrue on the arrearages pursuant to the 2010 trial court order. The general magistrate submitted a report and recommendations holding that: (1) the 2010 order made a specific finding that the Father owed $82,845.98 as of March 8, 2010; (2) the arrears had been fully paid off; and (3) the Father was entitled to have the account and case closed.
The Mother filed exceptions to the general magistrate’s report and recommendations, repeating her argument that the central depository failed to apply the interest on the support payments in arrears as mandated by the 2010 order. Although the Mother sought interest payments going back to the inception of the child support payment schedule, the trial court indicated that it was bound by the sum of $82,845.98 in arrears pursuant to the 2010 order, and that it would not consider anything prior to 2010. The trial court subsequently entered an order deny *549 ing the Mother’s exceptions to the general magistrate’s report and recommendations, and this appeal ensued.[1]
II. ANALYSIS
In April 2010, the hearing officer’s report and recommendations set the total amount of child support in arrears at $82,845.98. Significantly, the report stated that “[p]re-judgment interest has and shall continue to accrue on any outstanding ar-. rearage at the statutory rate.” (emphasis added). The trial court’s order ratifying this recommendation also stated that “the Court adopts each and every recommendation contained therein as this Court’s order.” Although the Mother argued she was entitled to the interest that accrued on the child support arrearage prior to the 2010 order, the trial court refused to consider this argument at the hearing on the exceptions taken, finding the issue had been waived.
We find that the trial court was correct in not considering arguments regarding interest that accrued on the ar-rearage prior to the 2010 order. A party may contest a general magistrate’s recommendation by filing an exception to the recommendation within ten (10) days from the date the recommendation is served. Fla. Fam. L. R. P. 12.490(f); Glaister v. Glaister, 137 So.3d 513, 517 (Fla. 4th DCA 2014); Calderon v. Calderon, 26 So.3d 688, 689 (Fla. 5th DCA 2010). Because the Mother did not file an exception to the general magistrate’s 2010 recommendation, the Mother can no longer claim entitlement to the interest accrued prior to 2010.
However, the Mother’s entitlement to interest that accrued on the arrearage after the 2010 order is a different issue. Indeed, at oral argument, the Father’s counsel conceded that the Mother is entitled to this interest. While a general magistrate’s findings of fact are presumed correct, a trial “court is duty bound to examine and consider the evidence for itself and to make a judicial determination as to whether under the law and the facts the court is justified in entering the judgment recommended by the master.” Bell v. Bell, 307 So.2d 911, 914 (Fla. 3d DCA 1975); see also In re Drummond, 69 So.3d 1054, 1057 (Fla. 2d DCA 2011); Quincoces v. Quincoces, 10 So.3d 657, 659 (Fla. 3d DCA 2009) (quoting Bell). Furthermore, a trial court “should carefully determine whether the general master’s findings and determinations were supported by competent, substantial evidence or whether there was any other departure from the essential requirements of applicable law.” Carls v. Carls, 890 So.2d 1135, 1138 (Fla. 2d DCA 2004). A trial court is not bound to accept findings which are clearly erroneous. Cerase v. Dewhurst, 935 So.2d 575, 578 (Fla. 3d DCA 2006); Carls, 890 So.2d at 1138; Garcia v. Garcia, 743 So.2d 1225, 1226 (Fla. 4th DCA 1999); De Clements v. De Clements, 662 So.2d 1276, 1282 (Fla. 3d DCA 1995) (en banc); Reichman v. Reichman, 450 So.2d 1188, 1189 (Fla. 3d DCA 1984).
We find that the general magistrate’s recommendations are clearly erroneous, as the Mother was entitled to prejudgment interest in accordance with the April 2010 order. The trial court therefore abused its discretion when it denied the Mother’s exceptions to the general magistrate’s January 2013 recommendations. Accordingly, *550 we reverse the trial court’s Order Denying Exceptions to Report and Recommendations of General Magistrate/Hearing Officer and Order on Report of General Magistrate. On remand, the Mother should be permitted to present evidence as to the amount of interest that accrued only from April 2010 through August 2012 — the date the Father submitted the final lump-sum payment of $38,869.03 to the registry. See Applegate v. Applegate, 566 So.2d 865, 866 (Fla. 1st DCA 1990).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.

. We review a trial court’s decision to accept or reject a general magistrate's report and recommendations for an abuse of discretion. Burnstine v. Townley, 976 So.2d 624, 626 (Fla. 5th DCA 2008); Robinson v. Robinson, 928 So.2d 360, 362 (Fla. 3d DCA 2006); Carls v. Carls, 890 So.2d 1135, 1138 (Fla. 2d DCA 2004).