# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D22-2010
LT Case No. 2021-DR-019329

———————————————

RYAN KEITH GATCHELL,

    Appellant,

    v.

JULIA KRYVOSHEIA,

    Appellee.

———————————————

On appeal from the Circuit Court for Brevard County.
Jennifer Opel Taylor, Judge.

Richard J. Feinberg, of Law Office of Richard
J. Feinberg, Indialantic, for Appellant.

Julia Kryvosheia, Melbourne, pro se.

Gregory A. Crutchfield, of Crutchfield
& Pyle, P.A., Rockledge, for Appellee.


September 1, 2023


KILBANE, J.

    Ryan Keith Gatchell ("Former Husband") appeals the trial court's entry of the general magistrate's recommended order setting aside the marital settlement agreement and parenting plan

previously approved by the trial court. Because Former Husband failed to move to vacate the order as required by Florida Family Law Rule of Procedure ("Family Rule") 12.490(e)(3) (2022), he did not preserve any issues for appeal. Therefore, the appeal is dismissed.

Effective April 1, 2022, Family Rule 12.490 was substantially amended and was in effect at the time this order was entered on July 19, 2022. Former Family Rule 12.490(f) became Family Rule 12.490(e)(3) and states, in pertinent part:

> (3) Upon receipt of a recommended order, the court must review the recommended order and must enter the order promptly unless the court finds that the recommended order is facially or legally deficient, in which case, it must identify the deficiency by written order and remand to the general magistrate to address and, if necessary, conduct further proceedings without the necessity of a new order of referral to general magistrate. **Any party affected by the recommended order may move to vacate the recommended order by filing a motion to vacate within 10 days from the date of entry**.

(Emphasis added).[1]

---

[1] The rule was amended to conform to the procedure applicable to child support proceedings before child support hearing officers under Family Rule 12.491(f), which requires a party to move to vacate a trial court's entry of a hearing officer's recommended order within ten days to preserve issues for appeal. *See In re Amends. to Fla. Fam. L. Rules of Proc. 12.490 & 12.491, & Forms 12.920(A)-(C)*, 346 So. 3d 1053, 1054 (Fla. 2022); *see also Christ v. Christ*, 103 So. 3d 1056, 1057 (Fla. 1st DCA 2013) (applying motion-to-vacate procedure in former Family Rule 12.491(f), appeal was dismissed for lack of jurisdiction due to failure to timely file motion to vacate trial court's entry of hearing officer's recommended order).

The former version of the rule required a party seeking review to file "exceptions" to the magistrate's recommendation within ten days after receipt of the recommendation, prior to the trial court's entry of any order approving the magistrate's recommendation. Fla. Fam. L. R. P. 12.490(f) (2018). Failure to file exceptions constituted failure to preserve issues for appeal. *See Judy v. Judy*, 291 So. 3d 651, 652 & n.1 (Fla. 2d DCA 2020); *Lascaibar v. Lascaibar*, 156 So. 3d 547, 549 (Fla. 3d DCA 2015); *Rosen v. Wilson,* 922 So. 2d 401, 402 (Fla. 4th DCA 2006). The same is true under Family Rule 12.490(e)(3): A party must still seek relief from the trial court through a timely motion to vacate the recommended order, as entered, to preserve issues for appeal and thus invoke appellate jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(c)(iii)b. and c.

Accordingly, because Former Husband failed to file a timely motion to vacate in accordance with Family Rule 12.490(e)(3), Former Husband's appeal is

DISMISSED.

EISNAUGLE and MACIVER, JJ., concur.

––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––

3