988 So.2d 1255 (2008)
Dennis C. McNAMARA, Appellant,
v.
Heidi Leigh McNAMARA, Appellee.
No. 5D07-3290.
District Court of Appeal of Florida, Fifth District.
August 29, 2008.
*1256 Terry C. Young and Richard S. Dellinger, of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Appellant.
Theodore R. Doran and Audrie M. Harris, of Doran, Wolfe, Ansay & Kundid, P.A., Daytona Beach, for Appellee.
COHEN, J.
We review a nonfinal order awarding attorney's fees and costs to Heidi Leigh McNamara, the Wife and appellee, in the course of a marital dissolution in which she seeks to disavow the prenuptial agreement executed with the Husband and appellant, Dennis C. McNamara. The issue is whether the court, despite upholding the prenuptial agreement and its Georgia choice of law provision, erred in determining that Florida law precluded, as contrary to public policy, the enforcement of the prenuptial agreement's waiver of attorney's fees. We affirm.
The parties were married for fourteen years when the Wife filed a petition for dissolution of marriage. In her petition, the Wife disavowed the prenuptial agreement that the parties executed before the marriage. The agreement expressly waived the Wife's right to attorney's fees. The waiver clause states:
[Wife] agrees to accept and does hereby accept any and all amounts under the terms of Subparagraphs A and B of this Paragraph 7 and Paragraph 8 in lieu of any and all claims she has or may have in any Legal Proceedings as the Wife of MR. McNAMARA, including ... temporary and permanent alimony ... [and] attorneys' fees.
The prenuptial agreement also designates that Georgia law applies to its interpretation, to wit:
This PRENUPTIAL AGREEMENT shall in all respects be construed in accordance with the laws of the State of Georgia; and any action in any jurisdiction to enforce or otherwise interpret the provisions of this PRENUPTIAL AGREEMENT shall be conducted, maintained and ultimately resolved in accordance with Georgia law even though the parties may establish residence in a jurisdiction other than the State of Georgia.
The Wife asked the lower court to order the Husband to pay her $198,325.24, in temporary fees and costs for her first attorney; this request was later increased to $224,703.70. About a month later, she asked for an additional $75,000 in temporary attorney's fees and costs for her second attorney, who, prior to the conclusion of the fee hearings, revised the request to $229,318.11. The Husband opposed the request for temporary attorney's fees and costs based on the prenuptial agreement's waiver clause. After considering both parties' memoranda and following a hearing, the court ruled that Georgia law applied to the prenuptial agreement, but that any waiver of temporary fees, albeit valid under Georgia law, was contrary to the public policy of the State of Florida and was, therefore, unenforceable. The court then referred the matter of temporary attorney's fees and costs to the general magistrate.
The general magistrate conducted an evidentiary hearing to determine the amount of the award of temporary attorney's fees and costs. The Wife's total request for temporary attorney's fees and costs was *1257 $454,021.81. The general magistrate awarded $25,000. After considering the Wife's objections, the lower court reversed the general magistrate's findings and awarded $106,250 in temporary attorney's fees and costs.
The Husband first argues that this court should reverse the award of temporary attorney's fees and hold that waivers of temporary attorney's fees in prenuptial agreements are enforceable in Florida. He contends that the policy against enforcing such waivers harkens back to an earlier time when society placed the support obligation upon the husband and sought to avoid the burden of supporting those who could not support themselves. Not only is Florida's law antiquated and paternalistic, because it requires a party to finance the other party's challenge to a prenuptial agreement, it infringes upon the parties' freedom to contract. The Husband urges that where, as in this case, the Wife is well educated and capable of supporting herself, this court should enforce waiver clauses in prenuptial agreements as it does waivers of alimony and property rights.
We acknowledge that criticism has arisen about this policy. See Balazs v. Balazs, 817 So.2d 1004, 1004-05 (Fla. 4th DCA 2002) (Farmer, J., specially concurring.) ("[T]he holding in respect to the inability to contract away the right to attorney's fees before dissolution of marriage in Belcher [v. Belcher, 271 So.2d 7 (Fla.1972),] represents our legal past and is a product of a time when attitudes about marriage and divorce were vastly different than they are now."). However, subsequent to the Balazs decision, the Florida Supreme Court in Lashkajani v. Lashkajani, 911 So.2d 1154, 1157 (Fla.2005), acknowledged that "the evolution in Florida law approving prenuptial agreements concerning post-dissolution support has so far not extended to provisions waiving the right to recover pre-judgment support such as temporary alimony." The court added that over the more than thirty years since Belcher, Florida courts have consistently rejected attempts to waive pre-judgment support. Id.
Although other states have enacted legislation to balance the competing policies of the individual's freedom to contract with the state's concern about creating new welfare recipients, the Florida Legislature has not done so. In the context of enforcing a foreign contract in Florida as the forum state, any dispute under the contract will be governed by the foreign state's law as long as it is not against the public policy of the forum state. Rollins, Inc. v. Parker, 755 So.2d 839, 841 (Fla. 5th DCA 2000). Accordingly, we affirm the lower court's holding that Florida's public policy precludes a court from upholding a contractual waiver of a pre-judgment award of attorney's fees.
The Husband next argues that the lower court erred by substituting its judgment for that of the general magistrate. The general magistrate based his $25,000 attorney's fees award upon his conclusion that all requested fees and costs had been incurred, that no prospective fees or costs were requested to go to trial, and the fact that the Wife's first attorney had already secured payment through a charging lien secured by real property. The lower court noted two clearly erroneous factual findings the general magistrate made that affected the amount of the award. First, the Wife's counsel did request an additional $75,000 for fees and $25,000 for costs and testified about the work required to bring the entire case to trial. Second, the general magistrate misinterpreted the court's case management conference order that set an impending deadline for the completion of all discovery. Based upon these two factual inaccuracies in the general *1258 magistrate's order, the lower court concluded that the Wife's fee award should have been greater to reflect the additional work required. The court, utilizing the same hourly rate determined reasonable by the general magistrate, recalculated the fee award based upon the Wife's attorney's testimony about the hours he anticipated to bring the case to trial, and awarded an additional $56,250 in temporary prospective fees. The court also awarded $25,000 in prospective costs after recognizing the costs incurred by the Wife's previous counsel and her counsel's description of the expert evaluations needed.
A magistrate's findings are subject to being set aside by the trial court when they are clearly erroneous or the magistrate misconceived the legal effect of the evidence. Cerase v. Dewhurst, 935 So.2d 575, 578 (Fla. 3d DCA 2006). In this case, the trial court correctly found that the magistrate made two clearly erroneous findings and misconceived the legal effect of the evidence in awarding attorney's fees based only upon the prenuptial agreement challenge and not on the services anticipated to take the case to trial. The trial court may make a factual determination without holding further hearings if there is sufficient evidence in the record to make findings of fact and law. Woolfson v. Rose, 448 So.2d 1176, 1177-78 (Fla. 3d DCA 1984). There was ample evidence for the court to make the additional findings for an award of temporary fees and costs for the additional services the Wife's attorney anticipated. The court did not reverse the general magistrate's findings, but, instead, added the additional time at the hourly rate the magistrate determined was reasonable.
The award of temporary attorney's fees and costs is warranted in this case to ensure the Wife has similar access to counsel and that the Husband does not have an unfair ability to obtain legal counsel because of his financial advantage. See Young v. Young, 898 So.2d 1076, 1077 (Fla. 3d DCA 2005).
Accordingly, we AFFIRM the trial court's order awarding temporary attorney's fees and costs to the Wife.
PALMER, C.J., and SAWAYA, J., concur.