ALTENBERND, Judge.
Marsha Kay Drummond appeals the order of involuntary placement in her Baker Act proceeding. See § 394.467, Fla. Stat. (2009). Both Ms. Drummond’s attorney and the assistant attorney general found no arguable issue in this case. Accordingly, they filed Anders[1] briefs as authorized by Pullen v. State, 802 So.2d 1113 (Fla. 2001).
This is a case in which a magistrate presided over a contested Baker Act proceeding. There are no special rules of civil procedure for Baker Act proceedings. Many of the procedures applicable to these proceedings are actually described in section 394.467. It is common, especially in larger circuits, for magistrates with special training and experience to be appointed to hear these cases pursuant to Florida Rule of Civil Procedure 1.490.
The magistrate in this case considered the evidence and prepared a lengthy report reciting his findings of fact and concluding that there was clear and convincing evidence to support an order of involuntary placement. Ms. Drummond’s trial attorney filed a timely exception to the magistrate’s report. The trial court considered the exception, rejected it, and *1056 entered the order on appeal that adopted the magistrate’s report.
During this court’s independent review, we were uncertain as to the standard of review that would apply in such an appeal. We asked the parties to brief the standard. Both parties concluded that there was no ease law squarely deciding this issue. However, both parties concluded that the standard of review should be similar to that applied in other contexts in which a trial court reviews and adopts a magistrate’s report.
Unfortunately, the standard of review for other types of cases in which a district court reviews a trial court’s order adopting or rejecting a magistrate’s order is subject to some debate and confusion. See, e.g., Anderson v. Anderson, 736 So.2d 49 (Fla. 5th DCA 1999) (en banc opinion with disagreement over the trial court’s standard of review when reviewing magistrate’s report). Moreover, a trial court’s review of a magistrate’s report in the context of a contested involuntary placement proceeding is considering a fundamental liberty issue and, thus, a right guaranteed by both the U.S. and Florida constitutions. See In re Beverly, 342 So.2d 481, 487-88 (Fla. 1977) (citing State v. Valdez, 88 N.M. 338, 540 P.2d 818, 822 (1975), for the proposition that a preponderance of the evidence standard of proof is constitutionally unacceptable in civil commitment cases because fundamental liberties are at stake). It is also reviewing a claim that the State is obligated to prove by clear and convincing evidence. See § 394.467(1). As a result, the trial court’s review should undoubtedly be more rigorous in this context than in others.[2] To add another layer of complexity, it is rare for a district court to review by direct appeal one judge’s work that is in turn a review of another magistrate’s decision.[3] Thus, this court has decided to write to discuss this relatively unique review process.
In describing the trial court’s standard of review and the district court’s standard of review, it is helpful to consider three distinct review functions performed by the trial court when it examines the magistrate’s report: (1) the trial court’s review of the magistrate’s findings of fact, (2) the trial court’s determination of the law that must be applied to the facts, and (3) the trial court’s review of the actual decision reached by applying the law to the facts.
1. The review of the magistrate’s findings of fact
When the trial court reviews the magistrate’s report to resolve an exception, there is consensus that a trial court must accept the magistrate’s findings of fact if they are supported by competent, substantial evidence. See Carls v. Carls, 890 So.2d 1135, 1138 (Fla. 2d DCA 2004); Garcia v. Garcia, 743 So.2d 1225, 1226 (Fla. 4th DCA 1999); Elliott v. Bradshaw, 59 So.3d 1182, 1185 (Fla. 4th DCA 2011); Tilton v. Gardner, 52 So.3d 771, 775 (Fla. *1057 5th DCA 2010); see also Aburos v. Aburos, 34 So.3d 131, 132 (Fla. 3d DCA 2010); C.D. v. Dep’t of Children & Families, 974 So.2d 495, 501 (Fla. 1st DCA 2008). In a case where the findings are affected by issues of credibility or competence, which would seem to be common in Baker Act proceedings, the findings should be rejected only if they are clearly erroneous. See Lyon v. Lyon, 54 So.2d 679, 680 (Fla.1951). In performing this task, the trial court is a reviewing court that should give the magistrate’s findings a presumption of correctness, but it still is obligated to perform a full examination of the evidence and the findings. See Quincoees v. Quincoces, 10 So.3d 657, 659 (Fla. 3d DCA 2009).
The district court, in turn, reviews the trial court’s decision to assure that it is applying the correct standard of review as a matter of law. The trial court’s application of that standard is also entitled to a presumption of correctness, but the three-judge panel can equally perform the review that the trial court performed of the magistrate’s record and findings. Thus, there is no need for a district court to defer to the trial court by using the abuse of discretion standard that we often apply when a trial court is applying law to its own factual determinations. Thus, we will review de novo the trial court’s decision that the findings of fact in a Baker Act case are supported by competent, substantial evidence and are not clearly erroneous while giving both the magistrate and the trial court the benefit of the presumption of correctness.
2. The determination of the law that must be applied to the facts
In virtually all review proceedings, the reviewing court has an identical ability to determine what law will be applied to the facts in reaching a decision. Thus, in this context, the trial court should conduct a de novo review to assure that the magistrate has selected the correct law to apply in reaching his or her decision. In a Baker Act case, this law is primarily statutory, so the determination of the correct law is a relatively simple process. See §§ 394.451-.4789. Likewise, this court will also review de novo to determine that both the magistrate and the trial judge applied the correct law.
3. The review of the magistrate’s decision reached by applying the law to the facts
In an involuntary placement proceeding, the magistrate applies the law to its findings of fact to reach a conclusion that a person either should or should not be committed. Because this conclusion is based in large part upon evidence that the magistrate alone had the opportunity to see and hear, it is not surprising that trial courts give great deference to the magistrate’s conclusions. Nevertheless, the law gives the trial court the power to reject the magistrate’s recommendation and substitute its own conclusions for those of the magistrate. See Bergh v. Bergh, 127 So.2d 481 (Fla. 1st DCA 1961). This court reviews the trial court’s decision to accept or reject the magistrate’s conclusions under the abuse of discretion standard. See Carls, 890 So.2d at 1138. Because the trial court sits in its reviewing capacity when it makes such a decision and because in most instances the district court will be reviewing identical information on appeal,[4] the discretion afforded the trial court to override the magistrate is undoubtedly *1058 narrower than the discretion we provide to trial courts in a context where the trial court is making its own findings of fact.
We have completed our review of this case applying these standards of review and conclude that the trial court’s order on appeal should be affirmed.
Affirmed.
VILLANTI and CRENSHAW, JJ, Concur.

. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Because of the due process life interest involved in the many appeals arising in the case of Theresa Schiavo, this court noted that we were applying a stronger standard of review than would be used in other contexts. See In re Guardianship of Schiavo, 851 So.2d 182, 186 (Fla. 2d DCA 2003). The liberty interest at stake in involuntary placement cases also justifies more scrutiny by both the trial judge and this appellate court.

. This is arguably similar to the review we conduct for a second-tier certiorari proceeding, but clearly the review by direct appeal should be more rigorous in a Baker Act case than the review we provide in other contexts by common law certiorari. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla. 1995) (asserting that the district court's inquiry in a second-tier certiorari proceeding is "limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law").

. We recognize that parties occasionally authorize the trial court to take additional evidence or even conduct a de novo evidentiary hearing in light of exceptions filed to a magistrate’s report. This case does not involve such a circumstance, which would undoubtedly alter our standard of review.