CIKLIN, J.
Dean Perrone and Data Base Stores, Inc. (collectively referred to as the “appellants”) appeal the trial court’s entry of a final judgment in proceedings supplementary, in which the trial court found that Data Base Stores, Inc.’s corporate veil should be pierced and that Perrone should be personally liable. The final judgment was based upon a magistrate’s report and recommendations, to which the appellants filed timely exceptions, which the trial court overruled. The appellants argue that the magistrate’s findings were not supported by competent, substantial evidence, an argument with which we agree. Therefore, we reverse the final judgment and the order adopting the magistrate’s report and recommendations. Having reviewed the appellants’ other points on appeal, we find them without merit and choose not to discuss them further.
In 2001, Edwin and Esther Frank obtained a final judgment against DB Stores of Davie, Inc. In July 2003, the Franks filed a motion for proceedings supplementary to execution, which sought to implead Data Base Stores, Inc. and its sole owner, Perrone, individually. The Franks alleged that Data Base Stores, Inc. was a mere continuation of DB Stores of Davie, Inc., created to avoid the latter entity’s debt under the original final judgment. The Franks also alleged that Data Base Stores, Inc. was a fraudulent entity whose corporate veil should be pierced to find Perrone individually liable. Pursuant to section 56.29, Florida Statutes (2003), the Franks requested an examination of Perrone and Data Base Stores, Inc. The trial court referred the matter to a general magistrate, who held a hearing on May 3, 2005.
*404 At the hearing, only Perrone testified. At the end of the hearing, the magistrate concluded that Perrone was not a credible witness and had not been entirely forthcoming in his testimony. Subsequently, the magistrate issued her report and recommendations finding that the appellants should be held liable for the debts of the original judgment debtor, DB Stores of Davie, Inc. The magistrate concluded in the report that Data Base Stores, Inc. was a successor corporation to and alter ego of DB Stores of Davie, Inc. The magistrate also found that Data Base Stores, Inc. was a mere instrumentality and alter ego of Perrone and that it was organized or used for fraudulent purposes. The report recommended entry of a final judgment against the appellants, jointly and severally, for the amount of the outstanding judgment lien against DB Stores of Davie, Inc.
The appellants filed timely exceptions to the magistrate’s report and recommendations, which the trial court denied. Subsequently, the trial court entered an order adopting the magistrate’s report and recommendations entirely. In August 2010, the trial court issued a final judgment in proceedings supplementary. In it, the trial court found the appellants jointly and severally liable for the amount of the outstanding judgment lien. The appellants timely appeal the final judgment.
On appeal, the appellants argue that the magistrate’s findings were not supported by competent, substantial evidence. We agree.
We review a trial court’s decision to accept or reject a magistrate’s conclusions for an abuse of discretion. In re Drummond, 69 So.3d 1054, 1057 (Fla. 2d DCA 2011). As explained by the Second District, however, the trial court’s discretion is narrower here than in other circumstances:
Because the trial court sits in its reviewing capacity when it makes such a decision and because in most instances the district court will be reviewing identical information on appeal, the discretion afforded the trial court to override the magistrate is undoubtedly narrower than the discretion we provide to trial courts in a context where the trial court is making its own findings of fact.
Id. at 1057-58 (footnote omitted).
Comparing the magistrate report’s factual findings, which are intertwined with legal conclusions, against the transcripts from the hearing, we are compelled to conclude that the magistrate’s factual findings were not supported by competent, substantial evidence. We do not question the magistrate’s finding that Perrone was not a credible witness. Indeed, as the fact finder, the magistrate was in the best position to make this credibility determination. However, Perrone was the sole witness to testify, so his lack of credibility, if anything, left a vacuum of evidence. In other words, because Perrone’s testimony was not credible, the magistrate was free to reject it, but no other evidence of any kind remained upon which the magistrate could have based her findings.
Thus, the trial court’s adoption of the magistrate’s report and recommendations, over timely exceptions, was an abuse of discretion. Further, the final judgment entered by the trial court, which was predicated on the adoption of the magistrate’s recommendations, was also erroneous. Therefore, we vacate the final judgment and reverse the order adopting the magistrate’s report and recommendations.

Reversed and remanded for further 'proceedings consistent with this opinion.

GERBER and CONNER, JJ., concur.