DAMOORGIAN, J.
Jay Paul Green (“Former Husband”) appeals the trial court’s amended final judgment of dissolution of marriage, raising a *1113 number of issues which include the award of permanent periodic alimony. While we affirm the award of permanent periodic alimony, we reverse the trial court’s determination of the amount of the monthly alimony payment and remand for further proceedings consistent with this opinion. We affirm the final judgment in all other respects without discussion.
After seventeen years of marriage, Former Husband filed a petition seeking to dissolve his marriage with Sharon Green (“Former Wife”). Former Wife responded by filing a counter-petition. Relevant to this appeal is Former Wife’s claim to permanent periodic alimony. The case was referred to a general magistrate who, after conducting an evidentiary hearing, entered a report detailing findings and recommendations. See Perrone v. Frank, 80 So.3d 402, 404 (Fla. 4th DCA 2012) (explaining that the magistrate report’s factual findings, which are intertwined with legal conclusions, must be supported by competent, substantial evidence). The following facts are relevant to the issue on appeal.
Before their marriage, Former Wife had her own photography business, where she made $80 an hour. Since 2001, Former Wife has not worked. During the pen-dency of the dissolution of marriage action, Former Wife tried to get a sales job without any success. She also unsuccessfully looked for other jobs, but testified that “I know that I can’t go work for $10 an hour.”
Before Former Husband filed the petition for dissolution, Former Wife withdrew the balance from the parties’ joint savings account and charged a $30,000 cash advance on the parties’ Bank of America credit card. Former Wife used the funds from the parties’ savings account to pay her day to day expenses during the pen-dency of the divorce. Former Husband testified he earns approximately $51,000 per year or $4,282 per month after taxes.
At the conclusion of the evidentiary hearing, the magistrate entered a report which provided findings and recommendations. The magistrate found that Former Husband’s monthly salary was $5,800 per month, including tips and bonuses, based upon his last twelve months of income. The report recommended, amongst other things, that Former Husband pay $2,500 a month in permanent periodic alimony to Former Wife and be solely responsible for the outstanding balance on the Bank of America credit card debt. In addition, Former Wife retained the marital home, but both parties would be equally responsible for the mortgage and property taxes. Former Husband was awarded sole possession of two vehicles while Former Wife retained one. Former Husband filed his exceptions to the report. The trial court overruled the exceptions and approved the report in all respects. An amended final judgment of dissolution of marriage containing the recommendations followed.
Former Husband makes several arguments to support his contention that the trial court erred in adopting the general magistrate’s recommendation that Former Wife is entitled to permanent periodic alimony in the amount of $2,500 per month. While we conclude that the trial court did not abuse its discretion in awarding permanent periodic alimony, we agree with Former Husband that the trial court erred in failing to impute income to Former Wife. Additionally, we assign error to the trial court’s failure to consider the impact of the equitable distribution of the Bank of America credit card debt to Former Husband when it calculated the monthly alimony amount. The trial court did not err in failing to take into consideration the fact that Former Wife had depleted a portion of the parties’ savings account because Former Husband did not demonstrate misconduct on the part of Former Wife. See *1114 Karimi v. Karimi, 867 So.2d 471, 475 (Fla. 5th DCA 2004) (“Where the asset is used by one of the parties out of necessity for reasonable living expenses, however, that asset should not be assigned to the party who used them, absent a finding of misconduct”).
We begin our analysis by referring to Florida’s alimony statute found at section 61.08, Florida Statutes (2010). Section 61.08 provides in pertinent part:
2) ... If the court finds that a party has a need for alimony or maintenance and that the other party has the ability to pay alimony or maintenance, then in determining the proper type and amount of alimony or maintenance, the court shall consider all relevant factors, including, but not limited to:
(d) The financial resources of each party, including the nonmarital and the marital assets and liabilities distributed to each.
(e) The earning capacities, educational levels, vocational skills, and employability of the parties and, when applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment.
§ 61.08(2)(d)-(e).
The Florida Supreme Court set forth the following criteria to be evaluated in awarding alimony: “(a) the parties’ earning ability, (b) age, (c) health, (d) education, (e) duration of marriage, (f) standard of living, and (g) the value of the parties’ estate.” Bacon v. Bacon, 819 So.2d 950, 952 (Fla. 4th DCA 2002) (citing Mallard v. Mallard, 771 So.2d 1138, 1140 (Fla.2000)). “ ‘[T]he nature and amount of an award of alimony is a matter committed to the sound discretion of the trial court.’ ” Lule v. Lule, 60 So.3d 567, 569 (Fla. 4th DCA 2011) (quoting Mondello v. Torres, 47 So.3d 389, 396 (Fla. 4th DCA 2010)) (internal quotation marks omitted). Therefore, we review alimony awards for an abuse of discretion. See Mondello, 47 So.3d at 396.
“As to the imputation of income to the wife, the amount of income a spouse may be able to earn is a factor the court should consider in determining an alimony award.” Shrove v. Shrove, 724 So.2d 679, 682 (Fla. 4th DCA 1999) (citing § 61.08(2)(d)-(e), Fla. Stat.). “The spouse claiming that the other spouse is voluntarily unemployed bears the burden of proof.” Zarycki-Weig v. Weig, 25 So.3d 573, 575 (Fla. 4th DCA 2009) (citation omitted).
Here, there was competent, substantial evidence that Former Wife had the requisite skills that allowed her to earn $80 per hour operating her own photography business. And, although Former Wife testified that her job searches proved unsuccessful, her acknowledged unwillingness to “work for $10 an hour” is competent evidence that Former Wife’s unemployment status was self-imposed. At the very least, this evidence established a lack of best efforts on the part of Former Wife to seek gainful employment. See Durand v. Durand, 16 So.3d 982, 985 (Fla. 4th DCA 2009) (stating that a court may impute income when one spouse has failed to use his or her best efforts to obtain income). On the record before us, we conclude that it was error for the trial court not to impute income to Former Wife.
We next consider whether the trial court erred by failing to consider the effect of the equitable distribution of the Bank of America credit debt when calculating Former Husband’s alimony obligation. Presently, Former Husband is obligated to pay the monthly obligation on the credit card, one-half the monthly mortgage payment encumbering the parties’ marital residence, and an alimony amount of 43% of his gross monthly income. In its present form, the final judgment lacks sufficient findings to justify awarding alimony equat *1115 ing to 43% of Former Husband’s gross monthly income while at the same time assigning the $30,000 debt exclusively to him. See Paul v. Paul, 648 So.2d 1211, 1212-13 (Fla. 5th DCA 1995) (“Equitable distribution of the parties’ marital assets is the first order of business in a dissolution case. Only after that is accomplished, can the relative post-dissolution financial situations of the parties be ascertained and compared, and the need of one party for additional support and the ability of the other to pay it, be determined.”).
Our holding finds support in the Third District’s decision in Byrne v. Byrne, 128 So.3d 2 (Fla. 3d DCA 2012). In Byrne, the Third District held that the permanent alimony award was improper. Id. at 5. In reaching its holding, the court reasoned that section 61.08(2)(d) mandates that the trial court make findings regarding distribution of marital liabilities before determining the amount of permanent alimony. See id. The Third District stated:
We conclude that the trial court’s financial analysis was tainted by its failure to properly consider all of the relevant factors pursuant to section 61.08. Specifically, the trial court did not properly consider: each spouse’s pre-dissolution debts; the income [the former husband] receives from his Fidelity Magellan Retirement account; and the $7,000 reduction to [the former wife’s] annual salary.

Id.

“Ordinarily, the distribution of marital assets should be equal unless some relevant factor justifies disparate treatment, such as the payment of permanent periodic alimony or the performance of extraordinary services over and above the normal marital duties.” Romano v. Romano, 632 So.2d 207, 210 (Fla. 4th DCA 1994) (citations omitted). Based upon the record, the trial court distributed the $30,000 marital debt unequally without considering the permanent periodic alimony that Former Husband would be responsible to pay, or in the alternative, failed to properly consider the distribution of the $30,000 marital debt before determining the amount of permanent alimony. See § 61.08(2)(d); Byrne, 128 So.3d at 6.
Accordingly, we reverse the portion of the final judgment pertaining to the amount of permanent alimony, and remand the cause for the trial court to impute income to Former Wife. The trial court shall also recalculate the permanent alimony award after taking into consideration the disproportionate distribution of the credit card debt and newly imputed income to Former Wife. We affirm the final judgment in all other respects.

Affirmed in Part; Reversed in Part and Remanded.

MAY, C.J., and CONNER, J., concur.