LEVINE, J.
The former wife appeals the trial court’s order adopting the recommendations of the general magistrate on the former husband’s petition for modification of child support. We reverse and find that the general magistrate erred in (1) considering and admitting irrelevant and inadmissible evidence, (2) granting relief not requested, and (3) taking judicial notice of sources without advance notice to the parties. Further, the trial court erred in striking the former wife’s amended exceptions to the magistrate’s report and adopting the report which was not supported by competent evidence.
The parties were formerly married and had two children, a son and a daughter. Pursuant to the marital settlement agreement, the former husband was required to pay an unallocated monthly amount in child support for both children. The agreement provides for termination of support for each child upon specified events, including the child’s eighteenth birthday or graduation if the child is under the age of nineteen while still dependent and in school. In January 2010, the former husband moved for modification based on the fact that the son had turned eighteen in October 2008 and graduated high school in May 2009. The former husband requested the court either order a refund or grant him a credit against future payments for any overpayment made since the son’s graduation.
In April 2012, the general magistrate held a non-jury trial on the former husband’s petition. The former husband testified, over the wife’s objection, as to his income and health insurance costs for himself and the daughter. His financial affidavit and tax returns were admitted into evidence over the former wife’s objections. The former wife testified as to her income working at a nail salon and expenses. Her financial affidavit was admitted over the former husband’s objection.
The magistrate rejected the former wife’s testimony as to her earned income as unreliable and untruthful based upon the magistrate’s personal experience of thirty years’ obtaining nail services throughout Palm Beach County, as well as presiding over domestic relations cases involving nail technicians. Accordingly, the magistrate imputed income to the former wife using information from documents not previously introduced by or noticed to either party. The magistrate recommended granting the former husband’s petition.
The former wife timely filed exceptions to the magistrate’s report and moved to continue the hearing on her exceptions until the transcript of the magistrate’s *516 hearing had been received. The former wife received and filed the transcript eight days before the re-scheduled hearing on her exceptions and filed her amended exceptions five days before the hearing. The court struck the former wife’s amended exceptions as untimely and overruled her original exceptions concluding she failed to demonstrate the magistrate’s report was clearly erroneous. The court adopted and incorporated the magistrate’s report in its order granting the former husband’s petition and ordering retroactive modification. The former wife timely appealed.
“A trial court is bound by a master’s factual findings and recommendations unless they are clearly unsupported by the evidence and clearly erroneous.” Linn v. Linn, 528 So.2d 642, 643 (Fla. 4th DCA 1988). The appellate court “will review de novo the trial court’s decision that the findings of fact ... are supported by competent, substantial evidence and are not clearly erroneous while giving both the magistrate and the trial court the benefit of the presumption of correctness.” In re Drummond, 69 So.3d 1054, 1057 (Fla. 2d DCA 2011). Lastly, the appellate court “reviews the trial court’s decision to accept or reject the magistrate’s conclusions under the abuse of discretion standard.” Id.
Initially, the only basis for modification pled by the former husband was the son’s reaching majority and graduating from high school. The former husband did not request a recalculation of support based on any financial change nor an imputation of income to the former wife. Thus, the magistrate erred in introducing evidence of the parties’ changed financial circumstances and awarding relief that was not requested. See Escobar v. Escobar, 76 So.3d 958, 960-61 (Fla. 4th DCA 2011) (holding the trial court erred in awarding relief not requested by changing the child support payment terms where the former husband petitioned for a modification based only on two children reaching majority and not alleging any ambiguity in the parties’ marital settlement agreement regarding payment terms); Walls v. Sebastian, 914 So.2d 1110, 1111 (Fla. 4th DCA 2005) (holding that “[a] trial court lacks jurisdiction to enter a judgment on an issue not raised by the pleadings” and reversing the trial court’s modification of the former husband’s visitation schedule because “neither party requested a change in the timeshar-ing arrangement”).
Secondly, the magistrate’s report states that the former wife’s testimony as to her income was rejected as both unreliable and untruthful based upon the magistrate’s thirty years’ personal experience obtaining nail services throughout Palm Beach County as well as the magistrate’s presiding over other domestic relations cases involving nail technicians. Thus, the magistrate substituted her own experience for the former wife’s sworn testimony and relied upon records in different cases in making her determination. Both these actions were clearly erroneous. See Hale v. Shear Express, Inc., 946 So.2d 94, 96 (Fla. 1st DCA 2006) (reversing an award of fees because the judge’s findings “appear to have been based on the judge’s subjective belief and personal experience” and not competent, substantial evidence); Novack v. Novack, 196 So.2d 499, 500 (Fla. 3d DCA 1967) (“A chancellor is not authorized to take judicial knowledge of the records in a different ease pending or disposed of in the same court but outside the record of the case before that court.”).
Thirdly, in the magistrate’s report, the magistrate sua sponte took judicial notice of two sources she used to impute income to the former wife, including an IRS tax guide. Judicial notice of docu *517 ments not received in open court requires a court to “make the information and its source a part of the record in the action” and “afford each party reasonable opportunity to challenge such information, and to offer additional information, before judicial notice of the matter is taken.” § 90.204(B), Fla. Stat. (2012). Because the parties were not given a reasonable opportunity to challenge the sources or the information contained therein, the magistrate erred in taking judicial notice of them. See Walentukonis v. State, 932 So.2d 1136, 1136 (Fla. 2d DCA 2006) (reversing the trial court’s restitution order for failure to follow the procedures required by section 90.204 when the court sua sponte took judicial notice of a used car guide to determine the amount of restitution).
Turning to the next issue, we find that the trial court improperly struck the former wife’s amended exceptions to the magistrate’s report as untimely. Florida Family Law Rule of Procedure 12.490 governs magistrate reports and requires that parties file “exceptions to the report within 10 days from the time it is served on them.” Fla. Fam. L. R. P. 12.490(f). The trial court found the former wife’s original exceptions to the report were timely filed. The amended exceptions were filed three months after the original exceptions and five days before the hearing on exceptions. Rule 12.490 does not include any prohibition against filing amendments to exceptions, nor does it provide any deadline upon which amendments must be filed. Because the trial court found that all the requirements of rule 12.490 were met with the former wife’s filing of the original exceptions, it erred in striking her amended exceptions.
Even if the trial court was correct in striking the former wife’s amended exceptions, the court still had an obligation to examine and carefully consider the record to determine if the magistrate’s recommendations were supported by competent evidence. “A magistrate’s findings are subject to being set aside by the trial court when they are clearly erroneous or the magistrate misconceived the legal effect of the evidence.” McNamara v. McNamara, 988 So.2d 1255, 1258 (Fla. 5th DCA 2008). “Whether exceptions are filed to the report of the Master or not, it is the duty of the court to examine and carefully consider the evidence and determine whether under the law and the facts the court is justified in entering the decree recommended by the Master.” Lyon v. Lyon, 54 So.2d 679, 680 (Fla.1951); see also French v. French, 12 So.3d 278, 279-80 (Fla. 5th DCA 2009) (“Given that the trial court was charged with determining whether the magistrate’s findings of fact were supported by competent evidence, the trial court itself should have discovered the errors in the course of making a careful review of the report and the transcript.”).
Here, the three errors committed by the magistrate were clear on the face of the report and in the record. Because the magistrate’s report was clearly erroneous and not supported by competent evidence, the trial court erred in adopting the report. McNamara, 988 So.2d at 1258; Lyon, 54 So.2d at 680.

Reversed and remanded.

DAMOORGIAN, C.J., and TAYLOR, J., concur.