DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**ROBERT GOFF,**
Appellant,

v.

**CHERYL ANN KENNEY-GOFF,**
Appellee.

No. 4D13-3355

[August 20, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Krista Marx and Gregory M. Keyser, Judges; L.T. Case No. 502003DR010898XXXXNB.

Angela D. Flaherty of the Law Office of Angela D. Flaherty, Sarasota, for appellant.

Myra J. Fried of Fried Law Firm, P.A., Lake Worth, for appellee.

PER CURIAM.

In this post-dissolution of marriage action, the husband appeals an order denying his motion to rehear or vacate two separate orders. We agree with the husband that the trial court erred in requiring the husband to continue paying child support for the parties' youngest child after the child had reached the age of eighteen and graduated from high school. As such, we reverse as to this issue. We find the other issues raised by the husband to be without merit and affirm without discussion.

In 2004, the trial court entered a final judgment of dissolution of marriage, which adopted and incorporated the parties' marital settlement agreement. Pursuant to the agreement, the husband agreed to pay child support for the parties' three children as well as an additional sum for spousal support. The husband's obligation to pay child support would continue through attainment of the child's twenty-first birthday if the child were "enrolled in college and still living at home with the Wife."

In 2011, the husband sought to modify child support, in part due to

the fact that the youngest child would turn eighteen and graduate from high school. During a hearing, the husband testified that the parties' youngest child had reached the age of eighteen and was attending college at the University of Florida in Gainesville. In opposition to the husband's petition, the wife testified that the child resided in student housing that he had to vacate during school breaks. Additionally, he would be living with her during the summer and taking classes at the community college while he was home.

The trial court denied the husband's petition for modification. The court found that the parties' youngest child "is attending college and resides with Former Wife on a permanent basis at this time, including the times that he is attending classes at the University of Florida." The husband moved for rehearing, and the court denied the motion.

"The interpretation of the wording and meaning of the marital settlement agreement, as incorporated into the final judgment, is subject to de novo review." *Kipp v. Kipp*, 844 So. 2d 691, 693 (Fla. 4th DCA 2003) (citation omitted). In interpreting a contract, "it must be assumed that each clause has some purpose" and "the court should interpret the contract in such a way as to give effect to every provision, unless such an interpretation distorts the plain meaning of the agreement." *Sch. Bd. of Broward Cnty. v. Pierce Goodwin Alexander & Linville*, 137 So. 3d 1059, 1067 (Fla. 4th DCA 2014) (citation omitted). *See also Branscombe v. Jupiter Harbour, LLC*, 76 So. 3d 942, 947 (Fla. 4th DCA 2011) ("An interpretation which gives a reasonable meaning to all provisions . . . is preferred to one which leaves a part useless or inexplicable.") (citation omitted).

The trial court's order, requiring the husband to continue paying support, is contrary to the plain language of the marital settlement agreement. The trial court erroneously focused on the child's permanent residency when it concluded that the child "is attending college and resides with Former Wife on a permanent basis at this time, including the times that he is attending classes at the University of Florida." The marital settlement agreement does not require a determination of permanent residency but rather requires a determination as to where the child is living. A person's permanent residency is not necessarily the same as where that person is living. *See State ex rel. Merritt v. Heffernan*, 195 So. 145, 147 (Fla. 1940); *Sutherland v. Glens Falls Ins. Co.*, 493 So. 2d 87, 89 (Fla. 4th DCA 1986).

Based on the undisputed testimony at the hearing, the child lived at the University of Florida in Gainesville and returned home only during

breaks. Thus, the child was not "still living at home with the Wife" as required by the marital settlement agreement. Requiring the husband to pay support under these facts would render meaningless this portion of the agreement. Under the trial court's interpretation, the child would be "living at home with the Wife" even if he were attending college in another state or country. Had the parties intended such a result, they would have required only that the child be attending college.

Because the parties' youngest child was not living with the wife, we reverse and remand the portion of the order requiring the husband to continue to pay support for that child. We affirm in all other respects.

*Affirmed in part, reversed in part, and remanded.*

LEVINE, CONNER and KLINGENSMITH, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***

3