DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHERYL A. KENNEY** f/k/a **CHERYL KENNEY-GOFF,**
Appellant,

v.

**ROBERT A. GOFF,**
Appellee.

No. 4D17-2094

[ December 12, 2018 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 2003DR010898.

Sue-Ellen Kenny and Scott D. Glassman of the Law Office of Scott Glassman, P.A., West Palm Beach, for appellant.

Angela D. Flaherty of the Flaherty Law Firm, Sarasota, for appellee.

TAYLOR, J.

The former wife, Cheryl Ann Kenney, appeals a post-judgment "Order on Multiple Matters," which: (1) directed the clerk of the circuit court to make adjustments to the Child Support Enforcement ("CSE") ledger; (2) purported to clarify the parties' final judgment of dissolution of marriage on the issue of whether a "lump sum rehabilitative alimony" obligation represented spousal support or equitable distribution; and (3) directed the clerk to report the file as "closed" for statistical purposes.

The wife raises five issues on appeal. We write to address the wife's first issue—namely, that the trial court erred in treating the lump sum rehabilitative alimony awarded in the dissolution judgment as being in the nature of a property settlement. On this issue, we reverse. As to the remaining issues, we affirm without further comment as to Issues II, III, and IV, and find that Issue V is not ripe for our consideration.[1]

---

[1] On Issue V, the wife argues that the trial court erred by entering a judgment subsuming all of the prior arrearage judgments against the husband, thereby denying the wife interest on the prior judgments. However, we find that this issue

*Facts*

The parties married in 1986. In 2004, the trial court entered a final judgment of dissolution of marriage. The final judgment incorporated the parties' Marital Settlement Agreement ("MSA"). Pursuant to the MSA, the husband agreed to pay child support for the parties' children. The husband also agreed to pay "Lump Sum Spousal Support" as follows:

> 5. **LUMP SUM SPOUSAL SUPPORT**. The parties hereto do specifically agree that the Husband shall pay directly to the Wife as full and final settlement of all claims between the parties for spousal support, property settlement and all other matters, lump sum rehabilitative alimony in the amount of THREE HUNDRED SIXTY THOUSAND AND 00/100 DOLLARS ($360,000.00), payable as follows: the sum of THREE THOUSAND THREE HUNDRED THIRTY-THREE AND 33/100 DOLLARS ($3,333.33) per month on the 1st day of each month for a period of 108 months, commencing June 1, 2003. There shall be a $50.00 late charge for all payments not received by the 5th day of each month that a payment is due. Said amount due to the Wife is non-modifiable by either party regardless of any changes in their respective incomes, death or remarriage. This obligation to pay lump sum alimony does not terminate on and shall survive the death of Husband, and shall be a binding obligation on the estate of Husband. Said payments are not taxable for the Wife nor deductible by the Husband.

The parties further agreed that this obligation was not subject to discharge in bankruptcy.

In the MSA, the parties agreed to the following terms regarding the division of assets and liabilities: (1) to sell their house and divide the net proceeds; (2) to divide their personal property and vehicles; (3) to equitably divide their bank and investment accounts, with the wife making an equalizing payment to the husband of $6,500; and (4) to split all marital debt by mutual agreement. The MSA also stated the following in a provision governing the parties' obligations: "[The husband] has started two businesses in Florida, and intends to start more. He agrees to hold [the wife] harmless from all of the debts and other obligations and liabilities of these business entities. [The wife] waives any right or interest in any

---

is not ripe because the trial court has not yet entered any money judgment subsuming all of the prior arrearage judgments.

such business entities."

From 2008 through 2011, the trial court entered a series of final judgments against the husband for arrearages on his obligations under the dissolution judgment.

Meanwhile, in 2009, the husband received a Chapter 7 bankruptcy discharge. In the bankruptcy proceeding, the husband reported having "Domestic Support Obligations" of over $287,000, consisting of past due spousal support and child support. However, the husband's obligation under paragraph 5 of the MSA was not discharged in his bankruptcy.[2]

Subsequently, after extensive post-dissolution litigation in the trial court, the husband appealed an order denying his motion to vacate two separate orders addressing support obligations. *See Goff v. Kenney-Goff*, 145 So. 3d 928, 929 (Fla. 4th DCA 2014) ("*Goff I*"). We reversed and remanded "the portion of the order requiring the husband to continue to pay support for [the parties' youngest] child."[3] *Id.* at 930.

After the case was remanded, the presiding magistrate ordered the clerk of court to perform an audit, issue a written report, and make adjustments to the CSE ledger. The magistrate also ordered the parties to file written responses identifying their positions with regard to any adjustments or terms established by the clerk of court.

The husband filed a response to the audit and a "renewed motion for clarification and/or request to amend and correct the parties' case ledger." The husband requested the trial court to clarify that Paragraph 5 of the MSA should be treated as equitable distribution rather than spousal

---

[2] The "lump sum rehabilitative alimony" was not dischargeable under Chapter 7 regardless of whether it was characterized as spousal support or equitable distribution. *See* 11 U.S.C. § 523 (5), (15) (2009) (excluding from dischargeability under Chapter 7 any "domestic support obligation" and any debt to a spouse or former spouse "that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court"); *In re Okrepka*, 533 B.R. 327, 333 & n.16 (Bankr. D. Kan. 2015) (under the 2005 amendments to the bankruptcy code, while a property settlement in divorce is dischargeable in a Chapter 13 bankruptcy, a property settlement in divorce is not dischargeable in a Chapter 7 bankruptcy).

[3] The wife suggests that in *Goff I*, this court rejected the husband's argument that paragraph 5 of the MSA constituted equitable distribution. Having reviewed the opinion and briefs in *Goff I*, we conclude that the issue concerning the proper interpretation of paragraph 5 of the MSA was not resolved in *Goff I*.

support.

The wife filed a response to the husband's renewed motion for clarification. Among other things, the wife argued that, under the plain language of the MSA, the lump sum alimony was spousal support, not equitable distribution.

At an evidentiary hearing before the magistrate, the evidence showed the following facts relevant to this opinion. During the marriage, the wife was the primary caretaker of the children, while the husband was the breadwinner for the family. However, the husband had no earned income at the time he entered into the MSA, as he had just been laid off from a job.

Prior to entering into the MSA, the husband had incorporated two new businesses and had entered into contracts whereby "existing businesses would transfer their assets" to the husband's businesses. However, the husband admitted that the transfer of assets did not occur until "[a]fter the marital settlement agreement was signed." The husband explained: "The contracts had been signed, it was waiting for monies to be paid."

The husband also testified that he unsuccessfully attempted to modify the lump sum alimony obligation after he filed for bankruptcy. Prior to consulting with his current counsel, the husband interpreted Paragraph 5 of the MSA as "a lump sum spousal support obligation." When asked whether the lump sum payment had anything to do with the exchange of a property interest, the husband responded: "It may have. I do not recall." However, the husband testified that the wife was aware that he was pursuing various business interests when the parties entered into the MSA.

Similarly, the wife testified that, at the time the parties signed the MSA, the husband had started the process of buying two businesses. However, the husband did not close on the businesses until after the MSA was signed and the parties had split their marital funds.

After the hearing, the magistrate eventually entered an amended report and recommendations, issuing findings of fact and conclusions of law that the trial court later adopted. The wife filed exceptions to the magistrate's report, which the trial court denied.

The trial court ultimately entered its Order on Multiple Matters, adopting the magistrate's recommended order. Consistent with the magistrate's report, the trial court found that the lump sum payment

4

under Paragraph 5 of the MSA was in the nature of a property settlement or equitable distribution. The trial court further ruled that because the lump sum payments was for an equitable distribution obligation, it never should have been included as part of the CSE ledger. The trial court thus directed the clerk of court to make various adjustments to the CSE ledger. This appeal ensued.

### *Parties' Arguments*

On appeal, the wife argues that the trial court erred in its determination regarding the character of the "lump sum rehabilitative alimony" in the MSA. The wife maintains that the parties' MSA describes the payments as "lump sum rehabilitative alimony," that there is no ambiguity in the term alimony, and that there is no mention of an equalizing payment which would be considered as part of an equitable distribution scheme. The wife further contends that the alimony provision, when viewed in the context of the entire MSA, was not considered equitable distribution. The wife complains that the trial court did not engage in an analysis of the parties' intent at the time the parties entered the MSA.[4]

The husband responds that the factual findings adopted by the trial court were supported by competent substantial evidence. The husband contends that Paragraph 5 of the MSA clearly indicated that the husband would pay the wife an equalizing payment for the resolution of all claims, including property settlement. The husband asserts that he had started businesses prior to the execution of the MSA and that he received those businesses as part of the overall equitable distribution scheme in exchange for the lump sum payment. The husband also points out that the lump sum payment was non-modifiable, survived his death, and was not taxable to the wife.

### *Standard of Review*

The interpretation of a marital settlement agreement, like any other contract, is reviewed de novo. *Feliciano v. Munoz-Feliciano*, 190 So. 3d 232, 233–34 (Fla. 4th DCA 2016). "Where the terms of a marital settlement agreement are clear and unambiguous, the parties' intent must be gleaned from the four corners of the document." *Levitt v. Levitt*, 699 So. 2d 755, 756–57 (Fla. 4th DCA 1997). However, where a marital settlement

---

[4] The wife also raises an equitable estoppel argument based on the husband's representations in bankruptcy court, but our resolution of this case makes it unnecessary to address that argument.

agreement is ambiguous, a court may consider extrinsic evidence as well as the parties' interpretation of the contract. *Id.* at 757.

A trial court's decision to accept or reject a magistrate's conclusions is reviewed for an abuse of discretion. *Glaister v. Glaister,* 137 So. 3d 513, 516 (Fla. 4th DCA 2014). However, an appellate court will review de novo the trial court's decision that the magistrate's findings of fact "are supported by competent, substantial evidence and are not clearly erroneous while giving both the magistrate and the trial court the benefit of the presumption of correctness." *Id.* (quoting *In re Drummond,* 69 So. 3d 1054, 1057 (Fla. 2d DCA 2011)).

### *Analysis*

"Lump sum alimony may provide for equitable distribution of property or for support." *Pipitone v. Pipitone,* 23 So. 3d 131, 136 (Fla. 2d DCA 2009). While a support award can be enforced by contempt proceedings, an award for equitable distribution or property division cannot. *Braswell v. Braswell,* 881 So. 2d 1193, 1198 (Fla. 3d DCA 2004). "The remedies available to enforce an equitable distribution or property division award are those available to creditors against debtors." *Id.*

Courts look to the substance of the underlying obligations and are not bound by the parties' characterization. *Id.* at 1200. "The trial court should assess whether (1) alimony payments are made in exchange for a property interest, (2) the payments are modifiable, (3) the payments terminate upon remarriage or death, and (4) the payments are deductible from the payor's federal income tax and taxable to the payee." *Pipitone,* 23 So. 3d at 136.

As to the first factor, a conclusive test to determine whether periodic payments constitute equitable distribution payments or support payments is "whether they are made in exchange or consideration for a transfer of property interests." *Id.* "The lack of evidence suggesting that the payments are in exchange for property rights or obligations renders contempt an available remedy for nonpayment." *Id.* at 137.

As to the second factor, "[b]ecause lump sum alimony may be used for support, but is always nonmodifiable, the nonmodifiability of the payments is not a reliable indicator that they are intended as equitable distribution." *Id.* Additionally, parties can agree to nonmodifiable support in a settlement agreement. *Id.*

As to the third factor, "language providing termination of payments upon death or remarriage is consistent with support alimony." *Id.*

6

However, "parties can agree to support payments to continue after the obligor's death." *Id.*

As to the fourth factor, a provision that alimony payments are deductible to the obligor and taxable to the recipient "for federal income tax purposes may indicate that the payments are for support." *Id.*

In this case, the MSA as a whole, coupled with the testimony concerning the parties' intent, confirms that the "lump sum rehabilitative alimony" constituted spousal support rather than equitable distribution. We must look to the substance of the provision, rather than the parties' label of "rehabilitative" alimony.

To be sure, the lump sum rehabilitative alimony is nonmodifiable, survives the husband's death, and is not deductible by the husband. However, while the second, third, and fourth factors of *Pipitone* weigh in favor of the husband's argument that the lump sum alimony should be treated as equitable distribution, these factors are far less significant than the first factor. The second, third, and fourth factors are less reliable indicators of the nature of the obligation, since parties can always agree to support obligations that are nonmodifiable, nonterminable upon death, and nondeductible.[5]

Instead, the conclusive factor under *Pipitone* is whether the lump sum alimony payments "are made in exchange or consideration for a transfer of property interests." *Id.* Here, Paragraph 5 of the MSA states that the "lump sum rehabilitative alimony" constituted a "full and final settlement of all claims between the parties for spousal support, property settlement and all other matters."

Nonetheless, when the MSA is read as a whole and is examined in conjunction with the parties' testimony, it is clear that the lump sum rehabilitative alimony was intended exclusively as spousal support. There was no evidence indicating that the alimony payments were in exchange for any valuable property rights or obligations. Paragraph 5 of the MSA was independent of the equitable distribution scheme. In other provisions of the MSA, the parties had equitably distributed all of their marital

---

[5] By the same token, the absence of a rehabilitation plan does not preclude a finding that the "lump sum rehabilitative alimony" was in the nature of spousal support. "[I]t is well settled that in a dissolution of marriage proceeding, the parties are free to agree to obligations the trial court could not order in the absence of an agreement." *Taylor v. Lutz,* 134 So. 3d 1146, 1148 (Fla. 1st DCA 2014).

property, including their personal property, their financial accounts, and the proceeds from the expected sale of their home.

Although the MSA stated that the wife waived any interest in the husband's businesses, the parties' testimony confirms that the husband's businesses had no significant value at the time the parties entered into the MSA. The husband's businesses were not operating at the time the parties executed the MSA, and the husband admitted that he had no earned income at that time. Indeed, although the husband had filed paperwork to incorporate his businesses and had signed contracts to purchase the assets of other businesses prior to signing the MSA, he admitted that the transfer of assets did not occur until after the parties signed the MSA.

Likewise, the wife testified without contradiction that, while the husband had started the process of buying two businesses at the time of the execution of the MSA, the husband did not close on his purchase of the businesses until after the parties had signed the MSA and split their marital funds. Thus, the wife did not have any interest in the assets of the businesses that the husband purchased after the parties signed the MSA.

In sum, because the MSA and the record evidence reflect that the lump sum rehabilitative alimony was independent of the equitable distribution scheme and was not in exchange for any valuable property rights, the lump sum rehabilitative alimony constituted spousal support.

### *Conclusion*

We reverse the Order on Multiple Matters and remand for the trial court to treat the lump sum alimony as spousal support rather than equitable distribution and to conduct any further proceedings not inconsistent with this opinion.

*Reversed and Remanded.*

KLINGENSMITH and KUNTZ, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

8