GROSSHANS, J.
John Smith (Smith) appeals the final judgment awarding him attorney's fees and costs, arguing that the trial court erred in determining the final amount owed by Unum Life Insurance Company of America (Unum). We agree that the trial court erred in refusing to grant prejudgment interest and in failing to tax as costs a portion of Smith's expert's fee. We affirm in all other respects.
Smith filed a claim with Unum, seeking benefits pursuant to a disability policy issued by Unum. After Unum denied the claim, Smith sued Unum asserting breach of contract and requesting attorney's fees.
After three years of litigation, the parties settled the case. The settlement agreement included the following provision addressing fees and costs:
The parties agree that SMITH is entitled to reasonable attorneys' fees and costs with regard to the Lawsuit against UNUM, but not as to the time period for which fees are payable. The parties will seek to agree to the amount of said fees and costs, and if unable to agree, will have the Court determine the amount of costs, a reasonable attorneys' fee and the time period for which fees are payable. The parties so agree in order to resolve this Lawsuit.
The parties were unable to reach an agreement as to the amount of attorney's fees, and the trial court referred the issue to mediation, ordering that the mediation costs be divided equally between the parties. After receiving a report that the mediation was unsuccessful, the court referred the matter to a special master. In the referral order, the court noted that the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions (the Guidelines) was to be applied and that the special master's fees were to be equally divided between the parties.
The special master held an evidentiary hearing, wherein both parties presented expert testimony and introduced numerous exhibits. Subsequently, the special master submitted a lengthy report and *759 recommendation to the trial court. The special master recommended a fifty percent reduction in attorney time based on numerous factors including deductions for pre-suit billing time and entries that were non-compensable, duplicative, excessive, and unnecessary. Additionally, the special master recommended not awarding fees for paralegal time, prejudgment interest, or a contingency fee multiplier. As for costs, the special master recommended taxing Smith's expert's testifying fee but not his preparation time.
Smith filed numerous exceptions to the report and requested that the court also include in the final award costs associated with mediation and the special master's fees. Following a hearing, the trial court overruled the exceptions, denied all additional motions for costs, and entered a final judgment consistent with the special master's recommendations which provided for attorney's fees in the amount of $ 97,956.25 and costs in the amount of $ 11,126.40. This appeal timely followed.
"A trial court's decision to accept or reject a magistrate's conclusions is reviewed for an abuse of discretion." Kenney v. Goff, 259 So. 3d 140, 146 (Fla. 4th DCA 2018) (citing Glaister v. Glaister, 137 So. 3d 513, 516 (Fla. 4th DCA 2014). "[A]n appellate court will review de novo the trial court's decision that the magistrate's findings of fact 'are supported by competent, substantial evidence and are not clearly erroneous while giving both the magistrate and the trial court the benefit of the presumption of correctness.' " Id. (quoting Glaister, 137 So. 3d at 516 ).
Smith raises nine issues on appeal, but we find merit in only two: namely that the trial court erred in refusing to grant prejudgment interest on the award of attorney's fees and that the trial court abused its discretion by not taxing Smith's expert's fee in preparing the court ordered affidavit.
I. Prejudgment Interest
Interest on attorney's fees accrues from the date entitlement is "fixed through agreement, arbitration award, or court determination," even if the amount of the fees has not been determined. Quality Engineered Installation, Inc. v. Higley S., Inc., 670 So. 2d 929, 931 (Fla. 1996). The party who owes the fees can protect itself against unreasonable delay in determining the amount of fees and further accrual of interest through a tender of payment, as interest ceases to accrue on the tendered amount. Id. Where the party obligated to pay attorney's fees lacks sufficient information upon which to base a tender of payment at the time entitlement is fixed, the trial court may set an accrual date reflecting when that party received sufficient information upon which to base a tender of payment. See Aries Ins. v. Aleman, 860 So.2d 425 (Fla. 3d DCA 2002).
Here, three months after the parties reached a settlement agreement, Smith provided billing records to Unum. Although Unum paid $ 10,000 toward Smith's attorney's fees prior to the settlement, it failed to tender any other payment prior to the entry of the final judgment for fees, which was entered almost three years after the settlement.
Under these circumstances, the trial court's failure to award any prejudgment interest was error. Upon remand, the trial court shall award prejudgment interest from the date of settlement or from an alternative date when Unum could have made an informed tender of payment.
II. Expert's Preparation Time as Taxable Costs
Smith argues that the trial court abused its discretion in failing to tax the fees for his expert's time in preparing the court ordered affidavit and in preparing to testify at his deposition and the evidentiary *760 hearing. Section I of the Guidelines lists a number of items which "should be taxed," including "[a] reasonable fee for deposition and/or trial testimony, and the costs of preparation of any court ordered report." In re Amendments to Unif. Guidelines for Taxation of Costs, 915 So. 2d 612, 616 (Fla. 2005).
Here, the court ordered that disputes over costs be resolved through application of the Guidelines. Yet, despite the provision quoted above, the court declined to tax any costs for preparation of the affidavit. Based on the facts of this case, this ruling constituted an abuse of discretion. Upon remand, the reasonable fee for the expert's time in preparing the affidavit shall be included as a taxable cost.
However, the Guidelines do not specifically address whether an expert's fee for preparing to testify is taxable. According to our case law, the trial court is not precluded from considering the time an expert spent in preparing to testify, but may exercise broad discretion in this regard. See Winter Park Imps., Inc. v. JM Family Enters., Inc., 77 So. 3d 227, 231-32 (Fla. 5th DCA 2011). Thus, we conclude that the trial court acted within its discretion in refusing to tax the expert's preparation time for the deposition and evidentiary hearing.
For the foregoing reasons, we affirm in part, reverse in part, and remand for the trial court to enter an amended final judgment consistent with this opinion.
AFFIRMED in part; REVERSED in part; and REMANDED.
HARRIS, J., concurs.
COHEN, J., concurs in part and dissents in part, with opinion.
COHEN, J., concurs in part and dissents in part, with opinion.
I concur with the majority opinion except for its holding regarding the failure to award fees for an expert witness's time preparing for a deposition and hearing. While I agree that such a determination is within the trial court's discretion, Winter Park Imports, 77 So. 3d at 229, the order, which specifically addresses most of the exceptions to the special master's report, does not reflect that the trial court considered the claim for preparation time. Inherent in exercising discretion is consideration of the issue. Cf. Ayala v. Scott, 224 So. 3d 755, 759 (Fla. 2017) (noting that exercise of discretion demands consideration of the circumstances).
No reasonably prepared attorney would permit a witness, much less an expert witness, to attend a deposition or hearing unprepared. Experts, justifiably, expect to be compensated for the time spent preparing for such proceedings. In my view, if the presenting party prevails, this cost generally should be taxed. Of course, the time spent preparing is subject to a reasonableness determination, and I do not foreclose circumstances where the denial of those costs would be justified. I would remand and allow the trial court to either award such costs or, at the very least, demonstrate that it considered the issue.