629 So.2d 224 (1993)
Samantha KUHARCIK and David S. Kuharcik, Appellants,
v.
Sandra Lynn KUHARCIK, Appellee.
No. 92-2531.
District Court of Appeal of Florida, Fourth District.
December 8, 1993.
*225 Michelle L. Hankey and Ross Baer, Legal Aid Society of Palm Beach County, West Palm Beach, for appellant-Samantha Kuharcik.
Martin L. Haines, III, Lake Park, for appellant-David S. Kuharcik.
Susan G. Chopin, West Palm Beach, for appellee.
GUNTHER, Judge.
We affirm the granting of dissolution of marriage and the trial court's determination that wife is to be the primary residential parent. We find, however, that the trial court erred in granting the primary residential parent ultimate authority to make long-range and major decisions affecting the child and in awarding wife rehabilitative alimony.
In the final judgment, the trial court provided that the parents shall have shared parental responsibility of the minor child. § 61.13(2)(b)2., Fla. Stat. (1991). "In ordering shared parental responsibility, the court may consider the expressed desires of the parents and may grant to one party the ultimate responsibility over specific aspects of the child's welfare or may divide those responsibilities between the parties based on the best interests of the child." § 61.13(2)(b)2.a., Fla. Stat. (1991) (emphasis added).
After providing for shared parental responsibility and designating wife as the primary residential parent, the trial court ordered:
Parents are to consult each other on long range and major decisions, and if no agreement can be reached, the primary residential parent will decide.
We conclude that the effect of this order gives one parent complete control over all the decision-making, which undermines the intent of the child custody statute regarding shared parental responsibility. Shared parental responsibility contemplates that after dissolution parents will continue to make joint decisions affecting a child without regard to whom primary physical residence is given. Markham v. Markham, 485 So.2d 1299, 1300 (Fla. 5th DCA 1986). Because the trial court failed to follow the intent of section 61.13 and failed to delineate which specific aspects of the child's welfare wife should have ultimate responsibility over, we reverse that portion of the final judgment dealing with parental responsibility. On remand, the trial court should determine, in accordance with section 61.13, which specific aspects of the child's welfare wife should have ultimate responsibility over.
In addition, the trial court erred in awarding wife rehabilitative alimony since the record does not support that wife's earning capacity diminished or suffered as a result of the marriage. McDonald v. McDonald, 429 So.2d 795, 796 (Fla. 4th DCA 1983). Wife failed to demonstrate that an award of rehabilitative alimony was necessary to establish her capacity for self-support, either through training or the redevelopment of previous skills. Kanouse v. Kanouse, 549 So.2d 1035, 1036 (Fla. 4th DCA 1989). Wife was employed before, during, and after the marriage and her income was greater at the end of the marriage then at its commencement. Therefore, we reverse the rehabilitative alimony award to wife. On remand, the trial court, at its discretion, may reconsider the entire distribution scheme including the equitable distribution of marital assets, attorney's fees, and the parties' respective tax liability during the marital years.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.
HERSEY and WARNER, JJ., concur.