PER. CURIAM.
Diana Wafic Noormohamed timely appeals a Supplemental Final Judgment and Amendment- to Supplemental Final Judgment in this dissolution of marriage •ease.She challenges the portion of the Supplemental FiniJ Judgment that ordered her to return jewelry allegedly owned by her former mother-in-law, to the former mother-in-law, who was not a party to the dissolution proceeding, or. to pay Appellant’s former husband $50,000 as compensation for the jewelry. Appellant also challenges the portion of the Amendment to Supplemental Final Judgment addressing the same issue, adding that the parties owed a debt to Appellant’s former mother-in-law for failure to turn over the jewelry, and that - Appellant was responsible for the marital debt. These additional findings appear to have been added simply to explain or justify the order , directing Appellant to. deliver the jewelry or pay. We reverse the challenged portions of the appealed orders.
“In [a] dissolution action, the trial court does not have jurisdiction to adjudicate property rights of nonparties.” Minsky v. Minsky, 779 So.2d 375, 377 (Fla. 2d DCA 2000) (citing Ray v. Ray, 624 So.2d 1146 (Fla. 1st DCA 1993)); see also Matajek v. Skowronska, 927 So.2d 981, 985 (Fla. 5th DCA 2Ó06) (“We find the trial court did not have jurisdiction to adjudicate property rights of non-parties." (citations omitted)). Although a trial court can certainly determine the existence of marital liabilities and allocate them as part of its equitable distribution scheme, the trial court here actually adjudicated the debt by ordering the return of property to a non-party (the same relief that the non-party mother-in-law could have secured in a re-plevin action). The alternative relief is equally, problematic. Because the mother-in-law is not a: party to the action, Appellant could comply with the order by giving her ex-husband $50,000 and still be subject to suit by the mother-in-law (who could correctly argue that she was not a party to the action and could not be bound by the $50,000 valuation, or that no payment between parties to a dissolution action could extinguish Appellant’s liability to her). Accordingly, we reverse those portions of the challenged orders addressed in this opinion, and otherwise affirm. We also note our concern regarding the trial court’s decision to proceed with its eviden-tiary hearing regarding the jewelry and its valuation when Appellant was out of the United States and unavailable to testify. However, we need not address this concern given our resolution of the case:
AFFIRMED IN PART; REVERSED IN PART. -
LAWSON, C.J., TORPY and BERGER, JJ., concur.