May, J.
The former wife appeals an order modifying the time-sharing aspects of a final judgment of dissolution. She raises four issues. We find merit in her argument that the trial court erred in giving the former husband ultimate decision-making authority without specifying the areas over which the parent could exercise that authority. We therefore reverse that aspect of the order, but affirm in all other respects.
The final judgment of dissolution incorporated a marital settlement agreement (“MSA”). The MSA provided each parent with equal time-sharing over their three children. It also provided that the parties shall reside in Indian River County, Florida.
Several years later, the former wife filed a petition to relocate to California with the children. Her petition proposed a parenting plan, which afforded the former husband 108 overnights with the children and every major holiday break from school. The trial court denied the former wife’s petition for relocation. The court found that changing the equal time-sharing provisions was not in the best interests of the children. Nevertheless, the former wife remained in California.
The former husband then petitioned to modify the final dissolution of marriage. He proposed the parties continue their shared parental responsibility and jointly make all major decisions regarding the welfare of the children, but he asked to have ultimate decision-making authority if they were unable to agree. He asked to modify the time-sharing schedule to provide for the children to reside with him during the school year and to give the former wife four to six weeks in the summer, alternate Thanksgivings, one week during winter break, every spring break, and weekends in Florida. He asked that the former wife be ordered to pay all travel expenses necessary for her time-sharing.
The former wife filed a counter-petition, in which she asked for 137 overnights, including the entire summer vacation, spring break, Thanksgiving break every year, winter break in odd years, and the first week of winter break in even years. She also requested that the anticipated travel expenses be allocated to the parties in the same guidelines ratio that governed other child care expenses.
A magistrate heard the matter and made the following findings and recommendations. The former wife’s proposal would be “unfair” to the former husband and children, and financially untenable. It recommended that the former husband be responsible for purchasing the roundtrip airline tickets for the three children for summer time-sharing with the former wife, and for the former wife to be responsible for the cost of the children’s tickets for her Thanksgiving, winter, and spring break time-sharing.
The magistrate recommended the former wife have time-sharing with the children for five consecutive weeks beginning one week after the last day of school, every spring break, and alternate winter breaks. Each parent received alternate Thanksgiving breaks, and the former wife received two consecutive weekends in Florida with the children in February and October. The former wife was given the option of two weekends per month with the children in Florida if she elected to travel and provided the former husband proper notice.
In short, the former wife was awarded 59 overnights per year while the former husband was awarded 306 overnights per year. The former husband was given ultimate decision-making authority should the *398 parties disagree on major decisions regarding the welfare of the children.
The former wife filed exceptions to the magistrate’s recommended final judgment, claiming the recommendations were not focused on the best interests of the children. The trial court denied the exceptions, found the recommendations were supported by competent substantial evidence, and approved the recommended final judgment. The trial court denied the former wife’s motion for rehearing. From this order and the underlying judgment, the former wife now appeals.
On appeal, the former wife argues the trial court erred in awarding the former husband ultimate decision-making authority over all aspects of the children’s lives because there was no competent, substantial evidence to support such a decision. The former husband responds that competent, substantial evidence supports the trial court’s decision.
A trial court’s decision to adopt a magistrate’s conclusions is reviewed for an abuse of discretion. Glaister v. Glaister, 137 So.3d 513, 516 (Fla. 4th DCA 2014). We have de novo review of the “trial court’s decision that the findings of fact ... are supported by competent, substantial evidence and are not clearly erroneous while giving both the magistrate and the trial court the benefit of the presumption of correctness.” Id.
We have previously held that giving the primary residential parent unlimited decision making authority over all matters regarding the children is incompatible with shared parental responsibility. Schneider v. Schneider, 864 So.2d 1193, 1195 (Fla. 4th DCA 2004). But, giving one parent ultimate authority over specific matters in situations where the parties are unable to come to an agreement is allowed. Id. The final judgment must therefore delineate the “specific aspects of the child’s welfare” over which the parent shall have ultimate responsibility to comply with section 61.13(2)(b)2.a., Florida Statutes (2015). Id. at 1194 (emphasis in original).
Here, the final judgment fails to delineate the specific aspects of the children’s welfare over which the former husband will have ultimate decision-making authority. The order dictates that the parties shall confer and attempt to agree on all major decisions affecting the welfare of the children. “Major decisions include, but are not limited to, decisions about the children’s education, healthcare, and other responsibilities unique to this family. If the parties are unable to agree the Father shall have ultimate decision-making authority.” (Emphasis added).
The order fails to specify concrete aspects of the children’s lives that the former husband will have ultimate decision-making authority over. By using the phrase, “include, but are not limited to,” the court left the father’s decision-making authority open-ended. This problem is compounded by the additional language: “and other responsibilities unique to this family,” This leaves open all decisions affecting the children.
The most analogous case is Kuharcik v. Kuharcik, 629 So.2d 224 (Fla. 4th DCA 1993). There, the final judgment stated that, the “[pjarents are to consult each other on long range and major decisions, and if no agreement can be reached, the primary residential parent will decide.” Id. at 225. We reversed because the trial court failed to delineate the specific aspects of the child’s welfare the parent would have ultimate responsibility over. Id. But see Schneider v. Schneider, 864 So.2d 1193, 1195 (Fla. 4th DCA 2004) (language complied with section 61.13 by identifying three aspects of the children’s lives— health, education, and travel).
*399 Here, however, the final judgment failed to identify specific areas over which the former husband had final decision-making authority. For this reason, we reverse and remand for the court to address this issue only.

Affirmed in part, reversed in part and remanded.

Gross and Damoorgian, JJ., concur.