DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHARONIT AMAR SELIGSOHN**,
Appellant,

v.

**JACOB SELIGSOHN**,
Appellee.

No. 4D17-2411

[November 28, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Arthur M. Birken, Senior Judge; L.T. Case No. 062015DR006386AXXXCE.

Craig A. Boudreau, West Palm Beach, for appellant.

Sandor F. Genet of Sandor F. Genet & Associates, P.A., North Miami Beach, for appellee.

KUNTZ, J.

The Former Wife raises ten issues in her appeal of the circuit court's final judgment of dissolution of marriage. We agree with four arguments raised by the Former Wife and reverse those portions of the final judgment. We affirm the remaining issues without comment.

First, we reverse the portion of the court's judgment that required payment of guardian ad litem fees out of homestead-protected property. Second, we reverse the portion of the court's order granting the Former Husband a blanket award of ultimate decision-making authority over all issues. Third, we reverse the court's calculation of step-down child support, an issue the Former Husband concedes on appeal. Finally, we reverse the portion of the court's order requiring the Former Wife to attend parent effectiveness training classes.

***Analysis***

### *i. The Court Erred in Ordering Payment of the Guardian Ad Litem Fees Out of Homestead Property*

First, the Former Wife argues that the court erred when it ordered the forced sale of the parties' marital home—the Former Wife's homestead—to satisfy the guardian ad litem's ("GAL") fees. The GAL fees are a third-party liability unrelated to the property.

The Florida Constitution grants strong homestead protection to real property. Art. X, § 4(a), Fla. Const. The Florida Supreme Court has held that based on the plain language of the constitution, "a homestead is *only* subject to forced sale for (1) the payment of taxes and assessments thereon; (2) obligations contracted for the purchase, improvement or repair thereof; or (3) obligations contracted for house, field or other labor performed on the realty." *Butterworth v. Caggiano*, 605 So. 2d 56, 60 (Fla. 1992).

This provision is liberally construed; "the Florida constitutional exemption of homesteads protects the homestead against every type of claim and judgment except those specifically mentioned in the constitutional provision itself[.]" *Havoco of Am., Ltd. v. Hill*, 790 So. 2d 1018, 1021 n.5 (Fla. 2001) (internal quotation omitted). Unsecured creditors are not included as an exception to the homestead exemption. *Chames v. DeMayo*, 972 So. 2d 850, 852 (Fla. 2007) (citing *Sherbill v. Miller Mfg. Co.*, 89 So. 2d 28, 31 (Fla. 1956); *Carter's Adm'rs v. Carter*, 20 Fla. 558, 570–71 (Fla. 1884)).

Former Wife argues the court erred when it required her to sell homestead property to pay the fees of the GAL—an unsecured creditor. We agree.

*Hua v. Tsung*, 222 So. 3d 584 (Fla. 4th DCA 2017), is instructive. There, the dissolution of marriage judgment ordered that proceeds from the sale of a rental property be used to satisfy a debt to the husband's father, and the remainder was to be divided equally between husband and wife. *Id.* at 590–91. The father's loan to his son enabled the son to pay the mortgage on the rental property. *Id.* at 586.

We reversed, holding that "[i]n [a] dissolution action, the trial court does not have jurisdiction to adjudicate property rights of nonparties." *Id.* at 591 (alteration in original) (quoting *Noormohamed v. Noormohamed*, 179 So. 3d 379, 380 (Fla. 5th DCA 2015)). We explained that "by awarding

2

part of the proceeds of the sale of the rental property to the father, the court essentially placed an equitable lien on the property to allow the father to secure repayment of the loan. The court thus converted him from an unsecured creditor into a secured one." *Id.*

Although the Former Wife's property was homestead property, not rental property, the holding is instructive. Here, the court's order of payment from proceeds functioned as an equitable lien on the couple's homestead property to secure repayment of the unsecured debt. The Florida Constitution does not allow the court to pierce the homestead protection in such a manner.

Thus, we reverse the court's order requiring payment of the GAL's fee from the proceeds of the forced sale of the Former Wife's homestead property. In reaching this conclusion, we do not decide whether the court could order payment of the GAL's fees from other sources attributable to the Former Wife. That is an issue the circuit court can determine in the first instance on remand.

### ii. The Court Erred in Awarding the Former Husband a Blanket Award of Ultimate Decision-Making Authority

Second, the Former Wife argues that, because any ultimate decision-making authority must be limited to specific issues, the court improperly awarded the Former Husband "ultimate decision-making authority as to all issues" as part of the parenting plan. We agree.

As part of the parties' parenting plan, the court ordered Former Wife and Former Husband to exercise shared parental responsibility. But if the parties disagreed about an issue, the Former Husband was granted "ultimate decision-making authority as to all issues."

As we noted in *McClure v. Beck*, 212 So. 3d 396 (Fla. 4th DCA 2017), "[w]e have previously held that giving the primary residential parent unlimited decision making authority over all matters regarding the children is incompatible with shared parental responsibility." *Id.* at 398 (citing *Schneider v. Schneider*, 864 So. 2d 1193, 1195 (Fla. 4th DCA 2004)). Instead, a court may award "one parent ultimate authority over *specific* matters in situations where the parties are unable to come to an agreement." *Id.* (citing *Schneider*, 864 So. 2d at 1195).

The Former Husband argues the blanket award of ultimate authority is supported by the record. He argues the "court did this to address [Former Wife's] outrageous and obstructive conduct regarding all aspects of the

3

children's welfare and maintenance." We need not determine whether the statement is accurate. Even if the record supported a finding that the Former Wife's conduct was "outrageous and obstructive," the court lacked the authority to give one parent the ultimate decision-making authority over a child when the parents share responsibility.

On remand, any award of ultimate decision-making authority must be limited to specific decisions and those decisions must be expressly listed in the final judgment. *See McClure,* 212 So. 3d at 399.

### iii. The Court Erred in Deciding the Amount of Step-Down Child Support

Third, the Former Wife argues the court erred in its calculation of alimony after the oldest child reaches the age of eighteen. The Former Husband concedes that the court erred in its child support calculation for the parties' youngest child.

As the Former Wife argues and the Former Husband concedes, the award of child support continues for four years past the termination of alimony, for which the trial court failed to account. On remand, the court must recalculate child support for the period after the termination of alimony.

### iv. The Court Erred in Ordering Former Wife to Attend Parent Effectiveness Training Classes

Finally, before entering the final judgment, the court ordered both parents to attend parent effectiveness training ("PET") classes "to endeavor to get them to co-parent." The Former Husband attended classes, but the Former Wife did not. In the final judgment, the court ordered that the Former Wife "attend weekly [PET classes] until further Court order. She shall demonstrate to the Court and in her parenting and verbally what has been taught to her, and that she understands what she has been taught and that she can put into practice what she has been taught."

The Former Wife argues the trial court erred in ordering her to attend PET classes because the court lacks the authority to order a parent into therapy.

She relies on *Ford v. Ford,* 153 So. 3d 315 (Fla. 4th DCA 2014), to support her argument. In *Ford,* as a remedy for violating the parenting plan, the court "ordered the former wife to obtain psychological counseling and continue with it 'until she is able to convince [the two minor children]

4

that it is her desire that they see their father and love their father and to create a loving, caring feeling toward their father in their minds.'" *Id.* at 318 (alteration in original). On appeal, the former wife did "not challenge the authority of the trial court to order counseling." *Id.* at 319. Rather, she contended that "the counseling provision condition[ed] the duration of therapy on 'vague, ambiguous and potentially insurmountable goals.'" *Id.* We agreed with the former wife's contention and held that the order was "vague and [] much too broad to be enforced." *Id.* (citing *Lanza v. Lanza*, 804 So. 2d 408, 409–10 (Fla. 4th DCA 2001)).

Like *Ford*, the order here is vague and ambiguous about the scope and termination date of the ordered treatment. The court ordered the Former Wife to attend the classes "weekly until further Court order. It also required that Former Wife show the court, through parenting and verbally, that she "understands" and "can put into practice what she has been taught." Because the court neither provided a duration for the compelled weekly classes nor identified a standard to judge the Former Wife's compliance, the order is vague and unenforceable.[1] Thus, we reverse that portion of the court's order.

### Conclusion

The court's judgment is reversed in part and affirmed in part.

*Affirmed in part, reversed in part, and remanded.*

TAYLOR and KLINGENSMITH, JJ., concur.

*         *         *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] As a result of our conclusion, we need not address whether a court could ever order a party to a dissolution action to attend PET classes. That issue is left for a case where its resolution is dispositive.

5