DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ADAM RICHARD CLARKE,**
Appellant,

v.

**KINSLEY ELIZABETH STOFFT,**
Appellee.

No. 4D18-106

[January 9, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jessica Ticktin, Judge; L.T. Case No. 50-2016-DR-007210-XXXX-SB.

Christopher R. Bruce and Rosalie M. Cruz of Bruce Law Firm, P.A., West Palm Beach (withdrawn as counsel after filing briefs), for appellant.

Ralph T. White of Law Office of R.T. White, Palm Beach Gardens, for appellee.

FORST, J.

Adam Clarke, the husband, appeals from a final judgment of dissolution of marriage. We find merit only in his argument that the trial court erred in giving Kinsley Stofft, the wife, ultimate decision-making authority over "all major decisions affecting the welfare of the child[ren]" without specifying the areas over which the wife could exercise that authority. We therefore reverse that aspect of the judgment. In all other respects we affirm.

Regarding parental responsibility, the final judgment incorporated a parenting plan, which states in relevant part:

> **Shared Parental Responsibility with Ultimate Decision Making Authority**
>
> It is in the best interest of the children that the parents confer and **jointly** make all major decisions affecting the welfare of the child. Major decisions include, but are not limited to,

decisions about the children's education, healthcare, and <u>other responsibilities unique to the family</u>. If the parents cannot agree as to any major decision; the Mother shall have ultimate decision-making authority.

(Underline emphasis added).

The husband argues that the open-ended language in the above provision with respect to the wife's ultimate decision-making authority is contrary to Florida law. This argument has merit, and our decision in *McClure v. Beck*, 212 So. 3d 396 (Fla. 4th DCA 2017), is dispositive. *See also Seligsohn v. Seligsohn*, 43 Fla. L. Weekly D2637 (Fla. 4th DCA Nov. 28, 2018).

In *McClure*, we held that, while "giving one parent ultimate authority over specific matters in situations where the parties are unable to come to an agreement is allowed," "[t]he final judgment must . . . delineate the 'specific aspects of the child's welfare' over which the parent shall have ultimate responsibility to comply with section 61.13(2)(b)2.a. [now codified as section 61.13(c)2.a.], Florida Statutes." 212 So. 3d at 398 (citing and quoting *Schneider v. Schneider*, 864 So. 2d 1193, 1194-95 (Fla. 4th DCA 2004)).

The trial court's final judgment in *McClure* mandated that the parties confer and attempt to agree on all major decisions affecting the welfare of the children, specifying that "Major decisions include, *but are not limited to*, decisions about the children's education, healthcare, and *other responsibilities unique to this family*. If the parties are unable to agree[,] the Father shall have ultimate decision-making authority." 212 So. 3d at 398. We held that such a directive:

> fails to specify concrete aspects of the children's lives that the [designated parent] will have ultimate decision-making authority over. By using the phrase, "include, but are not limited to," the court left the [designated parent's] decision-making authority open-ended. This problem is compounded by the additional language: "and other responsibilities unique to this family." This leaves open all decisions affecting the children.

*Id.*

Here, the final judgment similarly "failed to identify specific areas over which the [wife] had final decision-making authority." *Id.* at 399.

Accordingly, we reverse and remand for the trial court to address this issue. *See id.* "On remand, any award of ultimate decision-making authority must be limited to specific decisions and those decisions must be expressly listed in the final judgment." *Seligsohn*, 43 Fla. L. Weekly D2637.

The husband also attempts to challenge various restrictions imposed on his timesharing in the parenting plan. However, the wife testified at trial that the parenting plan was exactly what the parties had discussed and agreed upon at their mediation just ten days prior. The trial court found all of the wife's testimony to be credible. Furthermore, the parenting plan was entered into evidence without objection by the husband because the husband failed to appear at trial—despite having notice of the proceedings. The husband, therefore, cannot now complain that the trial court reversibly erred by adopting the parenting plan offered by the wife.

*Affirmed in part, reversed in part and remanded.*

GERBER, C.J., and KLINGENSMITH, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3