DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DOMINIQUE DAVID LOUIS,**
Appellant,

v.

**DANYIEL LOUIS,**
Appellee.

No. 4D19-1195

[July 7, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Vegina Hawkins and Frank D. Ledee, Judges; L.T. Case No. FMCE16-015351 (33).

Michael D. Cirullo, Jr., of Goren, Cherof, Doody & Ezrol, P.A., Fort Lauderdale, for appellant.

Yolanda L. Fox of Law Offices of Yolanda L. Fox, Fort Lauderdale, for appellee.

GERBER, J.

The former husband appeals from the circuit court's amended bifurcated final judgment of dissolution of marriage, arguing the circuit court denied him due process and erred in certain timesharing and parenting plan determinations. We affirm on all issues except one.

On that issue, the circuit court ordered the former wife to be the ultimate decision-maker on "major decisions" involving the children, with the amended bifurcated final judgment defining "major decisions" to "*include, but [not be] limited to,* decisions regarding education, healthcare, and *other responsibilities unique to this family.*" The former husband argues the circuit court erred by failing to identify the specific matters on which the former wife would have ultimate decision-making authority.

We agree. Section 61.13(2)(c)2.a., Florida Statutes (2019), requires a circuit court to delineate the "specific aspects of the child's welfare" over which a parent shall have ultimate responsibility. We have held that a circuit court does not satisfy section 61.13(2)(c)2.a. by using non-specific

language such as the language quoted above from the amended bifurcated final judgment. For example, in *McClure v. Beck*, 212 So. 3d 396 (Fla. 4th DCA 2017), we held:

> Here, the final judgment fails to delineate the specific aspects of the children's welfare over which the former husband will have ultimate decision-making authority. The order dictates that the parties shall confer and attempt to agree on all major decisions affecting the welfare of the children. "Major decisions include, *but are not limited to*, decisions about the children's education, healthcare, and *other responsibilities unique to this family*. If the parties are unable to agree the Father shall have ultimate decision-making authority." (Emphasis added).
>
> The order fails to specify concrete aspects of the children's lives that the former husband will have ultimate decision-making authority over. By using the phrase, "include, but are not limited to," the court left the father's decision-making authority open-ended. This problem is compounded by the additional language: "and other responsibilities unique to this family." This leaves open all decisions affecting the children.

*Id.* at 398; *see also Clarke v. Stofft*, 263 So. 3d 84, 85 (Fla. 4th DCA 2019) (reversing for the same reason based upon *McClure*).

Based on the foregoing, we reverse the amended bifurcated final judgment to the extent it failed to identify the specific matters on which the former wife would have ultimate decision-making authority. We remand with instructions for the circuit court to limit the former wife's ultimate decision-making authority to decisions which the circuit court specifically identifies in a second amended bifurcated final judgment. *McClure*, 212 So. 3d at 399; *Clarke*, 263 So. 3d at 85. Without further discussion, we affirm the remaining portions of the amended bifurcated final judgment.

*Affirmed in part, reversed in part, and remanded with instructions.*

CONNER, C.J., and CIKLIN, J., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***