DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**YULIA V. FOREST,**
Appellant,

v.

**THE ESTATE OF NORMAN DEAN KOHL, JR.,** and **IRWIN GILBERT,**
solely in his capacity as curator of the Estate of Norman Dean Kohl, Jr.,
Appellees.

No. 4D18-3734

[November 20, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Michael McNicholas, Judge; L.T. Case No. 432009DR000083.

James P. Curry of Curry, P.L., Jupiter, for appellant.

Irwin R. Gilbert of Conrad & Scherer, LLP, Fort Lauderdale, for appellees.

### *ON APPELLANT'S MOTION TO CORRECT CAPTION*

GERBER, J.

On review of appellant's motion to correct caption, and on review of appellees' response to the motion, we grant in part and deny in part appellant's motion to correct caption. We substitute this opinion for our October 23, 2019 opinion, with the corrected caption as shown above.

The former wife appeals from the circuit court's order denying her "motion for entry of order adopting settlement agreement and release, to enjoin and for protective order." The motion sought to prevent further post-judgment collection actions against the former wife. The former wife argues that the circuit court erred in not construing the settlement agreement as a full resolution of the parties' disputes. We agree with the former wife, and reverse for entry of an order granting the motion and closing the case.

### *The Settlement Agreement*

The settlement agreement stated, in pertinent part:

[The former husband] for and in consideration of the sum of Sixty Thousand Dollars ($60,000.00), in lawful money of the United States of America, received from [the former wife's counsel], receipt whereof is hereby acknowledged, does hereby remise, release, acquit and forever discharge the [former wife's counsel], their current and former incorporators, owners, officers, directors, administrators, employees, former employees, counsel, insurers, counsel for insurers, claims handlers, successors, officers, and consultants from any and all motions and orders for sanctions, causes of action, suits, debts, dues, damages, including compensatory, sanction awards, fee awards and punitive damages, sums of money, accounts, reckonings, bonds, bills, covenants, attorney fee an[d] cost awards, contracts, controversies, agreements, promises, claims, sanction awards, consequential damages and demands of whatsoever kind or nature, in law or in equity, which [the former husband] ever had, now has or which any personal representative, successor, family member, heir or assign of said [former husband] now has or may hereinafter acquire against [former wife's counsel] arising out of the facts in the matters presently pending in the 19th Judicial Circuit of Martin County, Florida, CASE NO.: 13-1193-CA and presently pending in the 19th Judicial Circuit of Indian River County, Florida CASE No. 43:2009DR0083 where [the former husband] has sought fee and sanction awards from [the former wife's counsel] and [the former wife]. This Mutual Release is also to apply to any and all claims for costs and attorneys' fees arising or could have arisen out of matters presently pending in the 19th Judicial Circuit of Martin County, Florida CASE NO.: 13-1193-CA and presently pending in the 19th Judicial Circuit of Indian River County, Florida, CASE No. 43:2009DR0083 which is the subject of this Mutual Release as well as any other claims of negligence, sanctions, fees, statutory or otherwise, as well as causes of action arising out of the aforementioned lawsuits.

. . . .

[The former husband] specifically covenants, warrants, represents and agrees that it will not pursue against [the former wife's counsel] and [the former wife] any motions,

2

orders, petitions, complaints, or any other relief in the matters presently pending in the 19th Judicial Circuit of Martin County, Florida, CASE NO.: 13-1193-CA and presently pending in the 19th Judicial Circuit of Indian River County, Florida, CASE No. 43:2009DR0083. [The former husband] further specifically covenants, warrants, represents and agrees that it will not pursue against [the former wife's counsel] and [the former wife] any relief based upon any motions, orders and complaints currently ongoing and/or filed in the matters presently pending in the 19th Judicial Circuit of Martin County, Florida, CASE NO.: 13-1193-CA and presently pending in the 19th Judicial Circuit of Indian River County, Florida, CASE NO. 43:2009DR0083. [The former husband] hereby covenants, represents, warrants and agrees that all motions against [the former wife's counsel] and [the former wife] currently filed in the matters presently pending in the 19th Judicial Circuit of Martin County, Florida, CASE NO.: 13-1193-CA and presently pending in the 19th Judicial Circuit of Indian River County, Florida, CASE No. 43:2009DR0083 are hereby resolved in their entirety and further relief from the respective courts cannot be sought.

It is the Intent of [the former husband and former wife's counsel] that this agreement will end all matters presently pending in the 19th Judicial Circuit of Martin County . . . and presently pending in the 19th Judicial Circuit of Indian River County. . . . All hearings currently set or presently pending in the 19th Judicial Circuit of Martin County, Florida, CASE NO.: 13-1193-CA and presently pending in the 19th Judicial Circuit of Indian River County, Florida, CASE No. 43:2009DR0083 will be cancelled within 5 days of the execution of this agreement.

. . . .

[The former husband] hereby declares that the terms of this settlement agreement have been completely read and are fully understood and voluntarily accepted for the purposes of making a full and final compromise, adjustment and settlement of any and all claims, disputes or otherwise, on account of the injuries or damages, costs and/or attorney's fees suffered by the [former husband] and for the express purpose of precluding forever any further or additional matters or claims against [the former wife's counsel] or [the

former wife] presently pending in the 19th Judicial Circuit of Martin County, Florida, CASE NO.: 13-1193-CA and presently pending in the 19th Judicial Circuit of Indian River County, Florida, CASE No. 43-2009DR0083 as well as any other claims or causes of action arising out of the subject lawsuit.

### *The Circuit Court's Order*

During the hearing on the motion, the circuit court asked the former wife's counsel, "[near] the bottom of the first paragraph . . . it says, 'where the [former husband] has sought fees and sanction awards from [the former wife's counsel] and [the former wife],' doesn't that limit the application of that release?"

The former wife's counsel responded, "[T]here's one, two, three, four other paragraphs where it expressly states that it's way broader than just the sanctions awards throughout."

The circuit court was unconvinced by the former wife's counsel's response.  The circuit court stated:

> I don't find anything ambiguous about this release at all, but I do think it's subject to whatever this claim was that [the former husband] had arising out of . . . the sanction and fee awards.  And I think it does preserve the [former husband's] right to proceed [against the former wife] for the monetary judgment, so I am denying [the former wife's] motion on that basis.

In the written order denying the former wife's motion, the circuit court stated:

> The Court finds that the terms of the Mutual Release and Hold Harmless Agreement . . . are clear and unambiguous. The Court further finds that the express language of the [settlement agreement] is limited to the [post-judgment] sanctions and fee claims that the former husband asserted[,] and preserved to the former husband the right to proceed [against the former wife on] the [second amended final judgment].

This appeal followed.

4

### *Our Review*

The former wife argues that the circuit court erred by construing that portion of the agreement referring to "sought fee and sanction awards" in isolation, rather than giving effect to the entire agreement, which plainly provided that, in exchange for the former wife's payment of a fixed sum, the former husband agreed to release, and hold the former wife and the former wife's counsel harmless from, all claims which the former husband raised or could have raised in the underlying case, the second amended final judgment, and any post-judgment proceedings.

Applying de novo review, we agree with the former wife's argument. *See Dufour v. Damiani*, 231 So. 3d 486, 488 (Fla. 4th DCA 2017) ("[A]s with any contract, a marital settlement agreement is construed as a matter of law. As such, this court is on equal footing with the trial court as interpreter of the written document. Therefore, if a trial court's ruling is based on the interpretation of a settlement agreement, then it is a decision of law reviewable de novo.") (citations and internal quotation marks omitted).

The circuit court focused solely on the first paragraph's use of the case-descriptive phrase "where the [former husband] has sought fees and sanction awards from [the former wife's counsel] and [the former wife]," in finding that the settlement agreement's scope was limited to the pending motions for fees and sanctions. However, the plain meaning of the other three paragraphs unambiguously indicate that the settlement agreement's scope was intended to resolve all claims which the former husband raised or could have raised against the former wife and the former wife's counsel, and that the phrase upon which the circuit court relied was intended to simply describe the cases.

The circuit court's overlooking of the other three paragraphs was error. *See Goff v. Kenney-Goff*, 145 So. 3d 928, 929-30 (Fla. 4th DCA 2014) ("In interpreting a contract, it must be assumed that each clause has some purpose and the court should interpret the contract in such a way as to give effect to every provision, unless such an interpretation distorts the plain meaning of the agreement.") (citation and internal quotation marks omitted).

Here, the plain meaning of the agreement was to "end all matters presently pending in the 19th Judicial Circuit of Martin County . . . and presently pending in the 19th Judicial Circuit of Indian River County" and to "preclud[e] forever any further or additional matters or claims against [the former wife's counsel] or [the former wife]." To rule otherwise would

5

be to improperly rewrite terms that are clear and unambiguous. *See Feliciano v. Munoz-Feliciano,* 190 So. 3d 232, 234 (Fla. 4th DCA 2016) ("Courts are not to rewrite terms that are clear and unambiguous.") (citation and internal quotation marks omitted); *Godwin v. Godwin,* 273 So. 3d 16, 24 (Fla. 4th DCA 2019) ("Where an agreement's terms are unambiguous, a court must treat the written instrument as evidence of the agreement's meaning and the parties' intention.") (citation omitted).

### *Conclusion*

Based on the foregoing, we reverse the circuit court's order denying the former wife's "motion for entry of order adopting settlement agreement and release, to enjoin and for protective order." We remand for entry of an order granting the motion and closing the case.

*Reversed and remanded with instructions.*

DAMOORGIAN and CIKLIN, JJ., concur.

\*　　\*　　\*

***Not final until disposition of timely filed motion for rehearing.***

6